**Merchants Bank, N.A. v. J.L. Foster Inc.**

*Mark K. Altemose* and *John R.K. Solt,* for plaintiff. *Jeffrey L. Gilbert,* for defendants.

REIBMAN, *J.,* April 30, 1992—Before the court are defendants' petitions to open and/or strike confessed judgments. They raise two issues: First, whether the confession of judgment clause, either on its face or as applied against the defendants, is unconstitutional? Second, whether the defendants are required to, and if so have demonstrated, a meritorious defense to the underlying claim in the face of a constitutional attack on the confession of judgment?

## FACTS

For purposes of the pending petitions, the facts are not in dispute.* On July 25, 1986, defendant J.L. Foster Inc. (corporation), executed a demand note and loan agreement for a $100,000 line of credit from the plaintiff Merchants Bank. At the same time, defendant Joe L. Foster signed a contract of suretyship with the bank guaranteeing the payment of the corporation's loan. Mr. Foster is the sole officer, director and shareholder of the corporation.

The demand note contained a confession of judgment clause. Relying upon it, the bank confessed judgment on February 28, 1992, against the corporation at no. 92-N-235 in the amount of $64,214.49 and against Mr. Foster

---

* These matters were presented and argued to the court on an expedited basis. Time did not permit the plaintiff to file an answer to the petitions, although it did file a memorandum in opposition to them. The parties agreed to proceed without the plaintiff's answers provided the plaintiff could subsequently file them. Plaintiff shall answer the petitions in accordance with Pennsylvania Rules of Civil Procedure.

at no. 92-N-236 in the amount of $59,214.49. The bank thereupon levied upon personal property of the defendants and has scheduled an execution sale of it for April 30, 1992.

At the. time he signed the loan documents on behalf of the corporation and himself, Mr. Foster was not represented by counsel. Only he and the bank's employees were present. He was not given, nor did he read, the loan documents and personal guarantee before he signed them. Had he attempted to read them, he would not have understood them. He had no knowledge of their meaning, had not heard of the term "confession of judgment" and did not know he had a right to have notice and opportunity to be heard in court before a judgment could be entered against him or that by signing the loan documents and personal guarantee he was allowing the bank to enter judgment against him without prior notice and without a court hearing.

Mr. Foster dropped out of school at the age of 14 while in the seventh grade. He worked as a laborer in various industries and started his own concrete business in the early or mid-1960's. The business was incorporated in 1972. He has been a customer of the bank for about 25 years. Over those years, he used the bank to help finance his purchase of two or three houses and three or four automobiles. He also established lines of credit with the bank to meet the payroll and other obligations of his business. None of his prior loans was shown to contain a confession of judgment provision. He has never defaulted on any of the loans made with the bank prior to 1986.

## CONSTITUTIONALITY OF
## CONFESSION OF JUDGMENT CLAUSE

The confession of judgment, or cognovit, is an ancient legal device by which a debtor consents in advance to the holder's obtaining a judgment without notice or hearing and usually with the appearance, on the debtor's behalf, of an attorney designated by the holder. It is generally looked upon as offensive to current notions of 14th Amendment due process which requires one be given opportunity to be heard prior to an intrusion upon one's property rights either by the government or by a private party with the assistance of the government. See *D.H. Overmyer Co. Inc. v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 777-779, 31 L.Ed.2d 124 (1972). The pervasive and drastic character of its use in Pennsylvania is well-noted. See *Swarb v. Lennox*, 405 U.S. 191, 92 S.Ct. 767, 770, 31 L.Ed. 2d 138 (1972), and cases cited therein. Thus, confession of judgment clauses are generally looked upon with disfavor and are strictly construed. *F.R.G. Inc. v. Manley*, 919 F.2d 850, 855 (3d Cir. 1990).

Nonetheless, the confession of judgment clause is not per se unconstitutional. It was upheld in *Overmyer, supra,* where the Supreme Court relied upon the debtor's intelligent and voluntary waiver of its due process rights and of the debtor's awareness of the impact of the confession of judgment clause as to it. More recently, the U.S. Court of Appeals for the 3rd Circuit, in *F.R.G., supra,* upheld the confession of judgment clause where it was negotiated and specifically agreed upon in a settlement of major litigation in a commercial context between parties and represented by counsel.

However, in *Swarb, supra,* the Supreme Court affirmed the District Court order holding the Pennsylvania confession of judgment procedures unconstitutional when applied in cases involving individuals with conjugal incomes of less than $10,000 annually. The Supreme Court apparently concluded individuals within that class defined by *Swarb* could not be knowing debtors presumed to have effectively and legally waived due process rights with respect to notice in litigation which they would otherwise possess absent a confession of judgment clause. In other words, the confession of judgment procedure entailing the waiver of a right to a hearing before judgment is constitutional only so long as the debtor understood the note and could be said to have made an intelligent and voluntary waiver of his due process rights. See *North Penn Consumer Discount Co. v. Shultz,* 250 Pa. Super. 530, 534, 378 A.2d 1275, 1277 (1977).

Here, the unrebutted evidence is that neither Mr. Foster nor his corporation was represented by counsel at the time he executed the loan documents which contained the confession of judgment clause. There is no evidence to support a finding he had any knowledge whatsoever of the existence of the confession of judgment clause, its meaning or its potential consequence. He apparently had no familiarity with it in the course of his various dealings with the bank over the years, was not shown to have been involved in other cognovit proceedings or could even understand the language of the confession of judgment clause put before him and which he signed. Thus, there is no basis upon which to believe either Mr. Foster or his corporation made an intelligent waiver of his due process rights. Therefore, as to Mr. Foster and the corporation, the application of the confession of judgment clause is unconstitutional.

## REQUIREMENT OF MERITORIOUS DEFENSE

At first blush, it appears to be "well-settled" that a precondition to opening of a confessed judgment requires the debtor allege a meritorious defense and present sufficient evidence of that defense to require submission of the issues to a jury. See *Germantown Manufacturing Co. v. Rawlinson*, 341 Pa. Super. 42, 46-47, 491 A.2d 138, 140-141 (1985); and *Weitzman v. Ulan*, 304 Pa. Super. 204, 209, 450 A.2d 173, 176 (1982).

However, the court has not been cited to, nor has it found, any authority which requires such a precondition in those instances where the debtor has been denied a fundamental right.

In *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the U.S. Supreme Court gave no indication that a violation of a fundamental constitutional right required any proof of anything else beyond a determination that the right itself was violated. In *Maldonado Santiago v. Velazquez Garcia*, 821 F.2d 822, 829 (1st Cir. 1987), the U.S. Court of Appeals for the 1st Circuit held claims of violation of the constitutional right of due process, including court access, do not require proof of actual injury. And *Messere v. Fair*, 752 F.Supp. 48 (D. Mass. 1990) held prisoners with a constitutional right of access to the courts need not show prejudice where the right has been violated.

Fundamental rights should be jealously guarded. Methods which undermine them should be rebuffed. Requiring a precondition to determining a violation of a fundamental right would devalue the right. In these cases, requiring the showing of a meritorious defense to the underlying claim as a precondition to determining whether the debtor's fundamental rights were violated would encourage the signing of confession of judgment clauses in violation

of the Constitution with the hope that it would not, or could not, be challenged in a subsequent proceeding. Our role should be to protect those fundamental rights. and discourage those measures which violate or erode those rights. Holders should ensure their debtors understand the fundamental rights they are being asked to waive rather than permitting the violation of those rights and hoping there will, or can be, no defense to their underlying claim.

## ORDER

And now, April 30, 1992, upon consideration of defendants' petition to open and/or strike confessed judgment in each of the within matters, after argument by counsel and for the reasons set forth in the attached opinion, it is ordered:

(1) Defendants' petitions to open judgment are granted.

(2) Defendants' petitions to strike judgment are denied; and

(3) Execution sale scheduled for April 30, 1992, is stayed until further order of this court.