## Seltzer v. Delfiner

*R. Winfield Baile*, for plaintiff.
*Melvin E. Caine*, for defendants.
*Reilly & Pearce*, for garnishee.

DIGGINS, J., June 25, 1958.—There are here involved two separate rules, one on motion of counsel for defendants, seeking to strike off the judgment entered by default, and the other by plaintiff seeking to amend the caption so as to make the judgment invulnerable.

The record shows that on November 22, 1954, Rich-

ard J. Seltzer, agent, lessor, entered into a lease with defendants. On April 16, 1958, judgment was entered by confession in favor of Richard J. Seltzer against defendants by virtue of a warrant of attorney contained in the lease, alleging default on the part of defendants.

The issue involved is whether or not the holder of the warrant of attorney, being listed as "Richard J. Seltzer, Agent", can exercise the warrant of attorney in his own name without the word "agent."

Of course, it is the law that where judgments are obtained by confession, strict adherence to the rules is required, and as decided in Boggs v. Levin, 297 Pa. 131 (1929), it was held that in such a case that not even the principal could exercise the warrant because it had been granted specifically and solely to the agent.

The practice, of course, always was and is to have the holder of the warrant confess the judgment exactly as the instrument provides and then mark it to the use of the principal if he desires. However, all such cases are prior to the adoption of the Pennsylvania Procedural Rules relating to actions by real parties in interest: Pa. R. C. P. 2001 to 2025, etc.

The question was raised at the argument as to whether or not these rules of civil procedure apply to confession of judgments. It would seem clear that they do. See cases cited in Goodrich-Amram Civil Practice in commentary under Rule 2002(a)-16, and it is there said that judgment by confession may be entered in the name of the real party in interest. Under this rule, it would seem to us that if Richard J. Seltzer himself is the real party in interest, and conceivably he might not be, then at the time the warrant is exercised, an affidavit showing him to be the real party in interest might have been filed and under the Rules of Civil Procedure, this judgment so entered would be good. However, such affidavit of real party in interest was

not filed, and we must take the record as we find it. However, as stated in the commentaries, the agent may still confess judgment in his own name as in the prior practice. He acts in a "fiduciary or representative capacity" within the meaning of Pa. R. C. P. 2002(b)1 and may, therefore, confess the judgment in his own name without joining the principal as a coplaintiff or a use plaintiff.

Here the power to confess judgment was not exercised by the agent, and the lack of an affidavit showing plaintiff to be the real party in interest prevents this plaintiff from exercising the warrant. What then is the result where a wholly unauthorized person exercises the warrant of attorney in an instrument? Is it thereby exhausted and the qualified party deprived of a right? Certainly it would seem that if A held a warrant of attorney to confess judgment and B, a stranger to the record, sought to exercise that warrant, such action would be a nullity and could not deprive A of his right. It would follow then that when Richard J. Seltzer, not a party to the record and with no affidavit showing that he was the real party in interest, exercised the warrant, he was and remains a stranger to this record and his act must be considered a nullity.

True it is that where a power of attorney authorizes a confession of judgment and the power is once exercised, the power is exhausted: American Heating Company v. Persell, 182 Pa. Superior Ct. 606. However, in each one of the cases where this well known rule is enunciated, the power was legally exercised. Here it was not.

This brings us then to the question of whether or not defendants' rule to show cause why the judgment should not be stricken off should be made absolute. We think not, because to do so would lead only to a multiplicity since the real party in interest would then be in a position to legally exercise the warrant for the

first time and enter the judgment. The same result will be obtained by discharging the rule to strike off the judgment and making absolute plaintiff's rule to amend which then will constitute an exercise of the power for the first time by the proper party and effect a valid judgment, and therefore we make the following

*Order*

And now, to wit, June 25, 1958, at 2:50 p.m., defendants' rule to strike off the judgment be and the same is hereby discharged, and plaintiff's rule to show cause why the caption should not be amended to read "Richard J. Seltzer, Agent, v. Morton Delfiner, Leonard Delfiner and Herman Schmukler, trading as Delaware Valley Textile Company" be and the same is hereby made absolute.