J-S21040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RIDESAFELY.COM, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALIOUNE THIAM, | |
| Appellant | No. 2867 EDA 2014 |

Appeal from the Order Entered September 25, 2014
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: 14030661

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 18, 2015**

Appellant, Alioune Thiam, appeals *pro se* from the order denying his petition to open or strike a confessed judgment entered against him by Appellee, RideSafely.com, Inc.  We affirm.

Appellant is a resident of Minnesota.  He is a software engineer with more than fifteen years' experience, and currently is the senior principal software engineer at Symantec Corporation, by whom he has been employed for over ten years.  Appellee is a corporation that operates a website as a broker to allow the public to participate in auto auctions with Insurance Auto Auction, Inc.  On April 30, 2013, Appellant placed a bid on

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellee's website for the purchase of a vehicle. The purchase order agreement (Agreement) was signed the same day[1] as a prerequisite to registering with the website and placing the bid, and Appellant was notified on May 1, 2013 that he was the highest bidder. On May 3, 2013, Appellant paid for the vehicle in full.

The Agreement contained a choice of venue clause which required that the parties litigate any issues arising under the Agreement in Philadelphia County, Pennsylvania. Specifically, paragraph two of the Agreement stated:

> Choice of Law and Forum—The undersigned hereby agrees that, any and all litigation arising out of this Agreement, order, transaction[,] which involves in any way [Appellee] and/or its affiliates shall be litigated in the Commonwealth of Pennsylvania and under the laws of Pennsylvania with the agreed upon venue being Philadelphia County. See paragraph 17 for detailed description of penalties arising out of the breach of this paragraph.

(Purchase Order Agreement, 4/30/13, at unnumbered page 1 ¶ 2) (capitalization omitted).

Paragraph seventeen of the Agreement provided, in pertinent part:

> 17.    PENALTY FOR VIOLATION OF PARAGRAPH 2/CONFESSION OF JUDGMENT. Buyer covenants and agrees that if he files or initiates an action either against [Appellee] . . . in any jurisdiction other than Philadelphia, Pennsylvania, [Appellee] . . . may cause judgment to be entered against the Buyer, and for that purpose[,] . . . Buyer hereby authorizes and empowers [Appellee] . . . to appeal for and confess judgment against the Buyer . . . for the recovery . . . [of] the Amount of money the

---

[1] The electronic signature on the Agreement contained the name, "Allen Thiam."

Buyer has set as the "Price" in this Agreement . . . together with any and all outstanding fees incurred by the Buyer and any and all storage and/or late fees accumulated by the Buyer, as well as for interest and costs and attorney's commission of 15%. . . .

(*Id.* at unnumbered page 3 ¶ 17).

Appellant instituted litigation in Minnesota against Appellee seeking the return of money paid for the vehicle. On February 7, 2014, Appellee confessed judgment against Appellant as a result of the violation of the venue clause of the Agreement.

The trial court's December 5, 2014 opinion aptly sets forth the ensuing procedural background:

> On March 6, 2014, Appellant filed a motion to open and/or strike confessed judgment. In the motion, Appellant averred that he had purchased a vehicle through Appellee's website for personal use, and argued that the [Agreement] did not bear his signature and he did not voluntarily, knowingly, or intelligently give up his right to notice and a hearing prior to the entry of judgment.
>
> On March 21, 2014, Appellee filed its response to Appellant's motion. In the response, Appellee denied that Appellant had not received notice, as Appellee had served notice via certified mail return receipt requested on October 30, 2013, and that Appellant had accepted the [A]greement by electronic signature.
>
> On March 31, 2014, Appellant filed a surreply, arguing that he had never seen the [Agreement] or purchase [o]rder prior to the case or signed it, and that he was not a party to the [Agreement].
>
> On May 9, 2014, [the trial court] issued a [r]ule to [s]how [c]ause why the relief requested should not be granted.
>
> On September 4, 2014 [the trial court] held a hearing on the merits of the petition. Appellant, a resident of the state of

Minnesota[,] who stated he could not attend the hearing, testified by telephone and appeared *pro se*. Appellant argued that the confession of judgment was unlawful because he did not sign it, the name on the [Agreement] was not his name, and the amount in the [Agreement] is not the amount for which he purchased the vehicle in question.

Appellee, however, averred that the purchase order [A]greement did bear Appellant's electronic signature and name, and that the [Agreement] was available on the website clearly for his review. The [A]greement contained language restricting any lawsuit brought under the contract to the jurisdiction of the courts of Pennsylvania; however, Appellant had filed suit in Minnesota and had received notice that he had thirty (30) days to withdraw the suit before a confession of judgment was entered. In his answers to Appellee's interrogatories, Appellant had acknowledged that he had signed the [A]greement, received the product purchased, and paid in full. Appellee had received payment in full from Appellant.

Appellant again insisted that he had not seen or signed the [Agreement] and had not waived his right to bring suit in Minnesota. [The trial court] informed Appellant that if the basis upon which he challenged the judgment was that he had not signed the [Agreement] and had not seen it, then he would need to come to [c]ourt so his credibility could be judged. Appellant responded that he could not come to Philadelphia.

(Trial Court Opinion, 12/05/14, at 1-3 (record citations omitted).

Following the hearing, the trial court denied Appellant's petition to strike or open judgment. On September 29, 2014, Appellant timely appealed.[2]

Appellant raises four questions for our review:

---

[2] Pursuant to the trial court's order, Appellant filed a timely Rule 1925(b) statement of errors complained of on appeal on October 19, 2014. *See* Pa.R.A.P. 1925(b). The court filed an opinion on December 5, 2014. *See* Pa.R.A.P. 1925(a).

1. Can a [c]onfession of [j]udgment be filed against a person who is not a holder or assignee of the instrument containing the warrant of attorney?

2. Can a [c]onfession of [j]udgment be valid when the party against whom the judgment is entered did not sign the instrument?

3. Can a [c]onfession of [j]udgment be valid in a consumer credit transaction?

4. Whether the lack of direct relation between the warrant of attorney and signature of executor nullify the [c]onfession of [j]udgment[?]

(Appellant's Brief, at 4) (emphasis omitted).

We first note that "[a] party waives all defenses and objections which are not included in the petition [to strike/open] or answer." *Midwest Fin. Acceptance Corp. v. Lopez*, 78 A.3d 614, 626 (Pa. Super. 2013) (citing Pa.R.C.P. 2959(c)). Here, Appellant filed both an answer and a petition to open or strike in response to the complaint for confession of judgment. Neither document contains an allegation that Appellee improperly filed the confession of judgment against him because he is "not a holder or assignee of the instrument containing the warrant of attorney" or that "the lack of direct relation between the warrant of attorney and signature of executor nullif[ies] the [c]onfession of [j]udgment." (Appellant's Brief, at 4; *see also* Answer to Confession of Judgement Claim, 3/06/14, at unnumbered pages 1-2; Petition to Strike or Open, 3/06/14, at unnumbered page 1). Therefore, Appellant's first and fourth issues are waived. *See Midwest*, *supra* at 626.

J-S21040-15

In Appellant's second issue he argues that, because the electronic signature on the Agreement is not his, the court erred in denying his petition to open or strike the confession of judgment. (**See** Appellant's Brief, at 4, 14-17). This issue does not merit relief.

Our standard of review of this issue is well-settled:

> We review a trial court's order denying a petition to strike a confessed judgment to determine whether the record is sufficient to sustain the judgment. A petition to strike a judgment may be granted only if a fatal defect or irregularity appears on the face of the record. Similarly, we review [an] order denying [an] Appellant's petition to open [a] confessed judgment for an abuse of discretion.

**Graystone Bank v. Grove Estates, L.P.**, 58 A.3d 1277, 1281-82 (Pa. Super. 2012), *affirmed*, 81 A.3d 880 (Pa. 2013) (citation omitted).

We first observe that Appellant's second issue goes only to his petition to the extent that it requested the court to open the judgment because he disputes a factual averment in the complaint and confession of judgment. **See Midwest**, **supra** at 623 (observing, "if the truth of the factual averments contained in [the complaint in confession of judgment and attached exhibits] are disputed, then the remedy is by proceeding to open the judgment, not to strike it.") (citation and internal quotation marks omitted); **see also Graystone**, **supra** at 1282. Moreover, we conclude that the trial court properly denied Appellant's request that it strike the judgment.

> In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party

- 6 -

in whose favor the warrant is given, *i.e.*, the complaint and the documents which contain confession of judgment clauses. Matters *dehors* the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. . . .

***Graystone Bank***, ***supra*** at 1282 (citation omitted).

Pennsylvania Rule of Civil Procedure 2952 provides, in pertinent part:

(a) The complaint [for confession of judgment] shall contain the following:

(1) the names and last known addresses of the parties;

(2) the original or a photostatic copy or like reproduction of the instrument showing the defendant's signature; . . .

(3) an averment that judgment is not being entered by confession against a natural person in connection with a consumer credit transaction;

(4) a statement of any assignment of the instrument;

(5) either a statement that judgment has not been entered on the instrument in any jurisdiction or if it has been entered an identification of the proceedings;

(6) if the judgment may be entered only after a default or the occurrence of a condition precedent, an averment of the default or of the occurrence of the condition precedent;

(7) an itemized computation of the amount then due, based on matters outside the instrument if necessary, which may include interest and attorneys' fees authorized by the instrument;

(8) a demand for judgment as authorized by the warrant;

(9) if the instrument is more than twenty years old, or if the original or a photostatic copy or like reproduction of the instrument showing the defendant's signature is not attached to the complaint, an application for a court order granting leave to enter judgment after notice;

(10) signature and verification in accordance with the rules relating to a civil action.

Pa.R.C.P. 2952(a) (notes omitted).

Further,

We have noted the need for strict adherence to rules governing confessed judgments. . . . This is so because a warrant of attorney to confess judgment confers such plenary power on the donee in respect of the adjudication of his own claims that certain specific formalities are to be observed in order to effectuate the granting of such a power. Accordingly, [a] Pennsylvania warrant of attorney must be signed. And it will be construed strictly against the party to be benefited by it, rather than against the party having drafted it. A warrant of attorney to confess judgment must be self-sustaining and to be self-sustaining the warrant must be in writing and signed by the person to be bound by it. The requisite signature must bear a direct relation to the warrant of attorney and may not be implied.

*Graystone Bank*, *supra* at 1282 (citations and quotation marks omitted).

Here, the trial court found:

. . . [T]here was no fatal defect requiring the reversal of judgment. The contract clearly stated that the venue for litigation would be in Pennsylvania; Appellant instituted legal action in Minnesota, allowing for the confession of judgment under Paragraph 2 of the [A]greement. The contract was electronically signed by Appellant, who paid the purchase price [for the vehicle] in full. Appellant was properly served with notice. . . .

(Trial Ct. Op., at unnumbered page 4). Our independent review of the record supports the trial court's findings.

First, the warrant of attorney was conspicuously stated in the Agreement, and Appellant's electronic signature appears directly below it.

- 8 -

(**See** Purchase Order Agreement, 4/30/13, at unnumbered page 3). Also, the complaint contains the names and addresses of the parties, a copy of the Agreement containing the warrant of attorney, and an averment that judgment has not been previously entered. (**See** Complaint in Confession of Judgment, 2/07/14, at unnumbered pages 1-2 ¶¶ 1-6; **see also** Purchase Order Agreement, 4/30/13, at unnumbered page 3). The complaint additionally avers that Appellant violated the Agreement, thus triggering Appellee's right to confess judgment; that he was served with notice; that venue is properly in Philadelphia County, Pennsylvania; that judgment has not previously been entered, and is not being entered against a natural person in connection with a consumer credit transaction; and that the Agreement is less than twenty years old. (**See** Complaint in Confession of Judgment, 2/07/14, at unnumbered page 2 ¶¶ 4-8, 10 and unnumbered page 3 ¶ 11). Finally, the complaint contains an itemized computation of the amount due under the Agreement and is signed by Appellee's counsel. (**See** **id.** at unnumbered pages 2 ¶ 9, 3).

Therefore, after our independent review we conclude that the trial court properly found that there was no fatal defect on the face of the record

requiring that the confession of judgment be stricken. *See Graystone Bank*, *supra* at 1281-82.[3]

We next turn to the court's denial of the petition inasmuch as it requested that the judgment be opened.

_____

[3] Moreover, we are not legally persuaded by the cases on which Appellant relies. For example, Appellant cites *Scott Factors, Inc. v. Hartley*, 228 A.2d 887 (Pa. 1967), in support of his argument that the judgment must be stricken because it "must be executed [in] the exact manner agreed upon between the parties." (Appellant's Brief, at 11; *see also* Appellant's Reply Brief, at 4-5). First, we note that Appellee fully complied with the warrant of attorney's unambiguous terms, as discussed more fully above. Additionally, in *Scott*, the Court applied the general rule that warrants of attorney must be strictly construed to the well-settled principle that, "once a judgment has been entered under a warrant of attorney, the authority to use the warrant vanishes and the warrant cannot again be exercised." *Scott*, *supra* at 889. Applying these rules to the facts of the case before it, the Court concluded that, even though the first judgment had not been entered pursuant to the precise provisions of the warrant of attorney, the court should have stricken off a second judgment filed under the same warrant. *See id.* Here, there is no allegation that the warrant of attorney previously had been exhausted.

Also, we find the case of *Centennial Bank v. Germantown-Stevens Academy*, 419 A.2d 698 (Pa. Super. 1980), on which Appellant relies, unpersuasive. (*See* Appellant's Brief, at 12-13). *Centennial Bank* involved two corporations and premised its holding on the legal principle that a second corporation that assumes the rights and burdens of a first corporation "is bound by a warrant of attorney . . . executed by said first corporation [provided that] [t]he fact of succession, [is] set forth in the complaint . . . or otherwise appear[s] clearly and unambiguously on the record." *Centennial Bank*, *supra* at 699-700 (citations omitted). Appellant is not a corporation, and there is no issue of succession involved here. This case is not persuasive.

The remainder of the cases on which Appellant relies in support of this argument are either not pertinent or stand for general legal principles enunciated above, and we decline to address them here because such would be repetitious. (*See* Appellant's Brief, at 11-13, 15-17).

In reviewing a trial court's order on a petition to open a confessed judgment, we have the following standard of review:

A petition to open judgment is an appeal to the equitable powers of the court. As such it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion.

. . . [A] court acting in equity should open a confessed judgment only when the petitioner acts promptly, alleges a meritorious defense and presents sufficient evidence of that defense to require submission of the issues to the jury.

**PNC Bank v. Kerr**, 802 A.2d 634, 638 (Pa. Super. 2002), *appeal denied*, 815 A.2d 634 (Pa. 2002) (citations omitted).[4]

Here, Appellant argues that he "presented enough believable evidence that belonged to a jury to decide." (Appellant's Brief, at 19). We disagree.

First, the record reveals that, although the electronic signature on the Agreement identifies Appellant as "Alan Thiam," Appellant admits that he purchased the vehicle, which was identified by the Agreement as bearing VIN number 1GYS4BEF8BR113404, on May 3, 2013 after placing a bid for it on Appellee's website on April 30, 2013. (**See** Answer to Confession of Judgement Claim, 3/06/14, at unnumbered page 1 ¶¶ 6-8). Indeed, our review of the record reveals that Appellant was required to agree to the

_____

[4] The parties do not argue the timeliness of Appellant's petition, which was filed within days of the entry of the confession of judgment. Therefore, we will confine our analysis to the question of whether Appellant alleges a meritorious defense and presented sufficient evidence to require submission of the issues to a jury. **See PNC Bank**, **supra** at 638.

terms of the purchase order and deposit agreements before he could complete his bid on the car. (**See** Appellant's Discovery Information, 8/27/14, at unnumbered page 6). At the hearing on Appellant's petition, Appellee's counsel stated that, in Appellant's answers to interrogatories, he admitted that he signed the Agreement. (**See** N.T. Hearing, 9/04/14, at 7-8). Appellant did not deny this allegation. (**See id.**). Nor did he offer any evidence in support of his bald claim that the electronic signature, which was located on the same page as the warrant of attorney, was not his. (**See id.** at 3-13).

Therefore, we conclude that the trial court did not manifestly abuse its discretion when it denied Appellant's petition to open where he failed to raise a meritorious defense to the confession of judgment or "present[] sufficient evidence of that defense to require submission of the issues to the jury." **PNC Bank**, **supra** at 638.[5] Appellant's issue fails.[6]

---

[5] Appellant claims that the court made an impermissible credibility decision when it denied his petition. (**See** Appellant's Brief, at 18). We are cognizant that the trial court stated that it would require Appellant's presence at the hearing on his petition in order to judge his credibility. (**See** N.T. Hearing, 9/04/14, at 11). However, there is no evidence that the trial court based its final decision on a credibility determination, where Appellant failed to present any evidence requiring "submission of the issues to the jury." **PNC Bank**, **supra** at 638 (citation omitted); (**see** N.T. Hearing, 9/04/13, at 3-13; Appellant's Discovery Information, 8/27/14, at unnumbered pages 1-11; **see also** Trial Ct. Op., at unnumbered pages 1-4).

[6] Moreover, we find it disingenuous at best that Appellant, who styles himself as "a software engineering expert with more than 15 years[']
*(Footnote Continued Next Page)*

In his third issue, Appellant argues that his purchase of the vehicle constituted "a consumer credit transaction and cannot be confessed." (Appellant's Brief, at 17). This issue lacks merit.

It is well-settled that judgments by confession are an improper remedy for the default of a consumer credit transaction. *See, e.g. Willits v. Fryer*, 734 A.2d 425, 427-28 (Pa. Super. 1999); *see also* Pa.R.C.P. 2952(a)(3). Pursuant to Pennsylvania Rule of Civil Procedure 2950, a consumer credit transaction is "a **credit transaction** in which the party **to whom credit is offered or extended** is a natural person and the money, property or services which are the subject of the transaction are primarily for personal, family or household purposes." Pa.R.C.P. 2950 (emphasis added).

Here, the record reflects that Appellee did not extend Appellant any credit. Appellant placed a bid for the vehicle on Appellee's website on April 30, 2013, executed the Agreement the same day, was notified on May 1, 2013 that he had placed the winning bid, and paid for the car in full two days later, on May 3, 2013. (*See* Answer to Confession of Judgement Claim, 3/06/14, at unnumbered pages 1-2). Appellee was the broker for the sale, not a lending institution. Therefore, because Appellee did not offer or

*(Footnote Continued)* ────────────

experience[,]" (Appellant's Discovery Information, 8/27/14, at unnumbered page 1), would not understand the import of the website's conspicuous language, "BY CLICKING THE CONFIRM BUTTON YOU AGREE TO THE TERMS OF THE . . . <u>PURCHASE ORDER AGREEMENT</u>[.]" (*Id.* at unnumbered page 6) (emphasis in original).

extend any credit to Appellant, his purchase of the vehicle did not constitute a consumer credit transaction, and his argument that Appellee improperly confessed judgment must fail.[7] **See** Pa.R.C.P. 2950. Appellant's third issue lacks merit.

Order affirmed.

Judge Jenkins joins the Memorandum.

Judge Bowes files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/2015

_____

[7] Appellant purports to rely on **Willits** in support of his argument that he and Appellee engaged in a credit transaction. (**See** Appellant's Brief, at 17-18). This reliance is misplaced. The **Willits** Court found that a promissory note between a lender and consumer, that contained terms for monthly payments of closing costs in the sale of a home, was a consumer credit transaction precluding confession of judgment. **See Willits**, **supra** at 427-28. However, as explained above, this case does not involve any extension of credit.