J-A31031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| K & S JOINT VENTURES, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OPC MINING COMPANY AND DANIEL W. STEES, INDIVIDUALLY AND AS PRESIDENT OF OPC MINING COMPANY, | |
| Appellants | No. 313 MDA 2015 |

Appeal from the Order Entered February 9, 2015
in the Court of Common Pleas of York County
Civil Division at No.: 2011-SU-4459-40

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 08, 2016**

Appellants, OPC Mining Co. and Daniel W. Stees, appeal from the trial court's order denying their petition to strike or open the confessed judgment filed against them by Appellee, K & S Joint Ventures.  We affirm on the basis of the trial court's opinion.

We take the following facts from our independent review of the record and the trial court's March 25, 2015 opinion.  Appellant Stees is the president of Appellant OPC.  On September 18, 2000, Appellee and Appellant OPC entered into a commercial lease agreement.  The same day, Appellee

_____

[*] Retired Senior Judge assigned to the Superior Court.

and Appellant Stees entered into a guaranty agreement. The guaranty provides, in pertinent part, that Appellant Stees is liable to Appellee for "any amounts unpaid . . . as a result of loss (reasonalbe [sic] wear and tear excepted)[,] damages[,] or unlawful taking of any equipment [and] any unpaid obligations of [OPC] as a result of alterations, improvements[,] or additions to the premises . . . ." (Guaranty, 9/18/2000, at unnumbered page 1 ¶ 1). On October 14, 2011, Appellee filed a complaint in confession of judgment against Appellants on the bases that Appellant OPC failed to maintain and repair equipment, failed to leave replaced equipment on the premises after the termination of the lease, and removed a fixture from the property. (*See* Complaint in Confession of Judgment, 10/14/11, at 2-3 ¶ 9). The complaint confessed judgment in the amount of $95,694.20, which included principal, interest, and attorney's fees. (*See id.* at 4 ¶ 11).

On November 15, 2011, Appellants filed a petition to strike or open the confessed judgment alleging that judgment was entered on a defective basis. They specifically claimed that the guaranty does not contain Appellant Stees' signature, and that, even if it did, that the damages alleged in the complaint exceed those actually sustained by Appellee. They further asserted that the guaranty does not cover amounts that were paid by third parties.

On February 9, 2015, after argument, the submission of briefs, and the completion of discovery, the court denied the petition to strike or open the judgment. Appellants timely appealed.[1]

Appellants raise two questions for our review:

> I.      Did the trial court err in failing to strike the confessed judgment for fatal defects or irregularities appearing on the record?
>
> II.     Did the trial court err in failing to open the confessed judgment where the petition was timely filed and set forth allegations of a meritorious defense?

(Appellants' Brief, at 4) (unnecessary capitalization omitted).

Appellants' issues challenge the trial court's denial of their petition to open or strike the confession of judgment. Our standard review of this matter is well-settled.

> We review a trial court's order denying a petition to strike a confessed judgment to determine whether the record is sufficient to sustain the judgment. A petition to strike a judgment may be granted only if a fatal defect or irregularity appears on the face of the record. Similarly, we review [an] order denying [an] [a]ppellant's petition to open [a] confessed judgment for an abuse of discretion.
>
> *     *     *
>
> In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, *i.e.*, the complaint and the documents which contain confession of judgment clauses.

_____

[1] Appellants filed a timely statement of errors complained of on appeal on March 2, 2015 pursuant to the court's order. **See** Pa.R.A.P. 1925(b). The court filed an opinion on March 25, 2015. **See** Pa.R.A.P. 1925(a).

> Matters *dehors* the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. However, if the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike. An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered. . . . When determining a petition to open a judgment, matters *dehors* the record filed by the party in whose favor the warrant is given, *i.e.*, testimony, depositions, admissions, and other evidence, may be considered by the court.

*Graystone Bank v. Grove Estates, L.P.*, 58 A.3d 1277, 1281-82 (Pa. Super. 2012), *affirmed*, 81 A.3d 880 (Pa. 2013) (citation omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to the issues Appellants have raised on appeal. The trial court opinion properly disposes of the questions presented. (**See** Trial Court Opinion, 3/25/15, at unnumbered pages 4-19) (finding: (1) petition to strike properly denied where guaranty and warranty speak for themselves, appear on their face to be signed by Appellant Stees, and all items claimed in judgment amount authorized by warrant of attorney; (2) petition to open properly denied where Appellants failed to produce evidence to establish Appellant Stees did not sign the guaranty, that the property was left with only normal wear and tear, that they did not remove equipment and the canopy from the property, or that the judgment amount was excessive; (3) the award of attorney's fees in the amount of $4,310.55 is reasonable where the principal balance was $86,210.99; and (4) pre-judgment interest

- 4 -

in the amount of 6% is authorized legal rate in Pennsylvania). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2016

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

K&S JOINT VENTURES,    : No. 2011-SU-4459-40
   Plaintiff       :
            :
            :
  vs.         :
            : CIVIL ACTION - LAW
OPC MINING COMPANY AND  :
DANIEL W. STEES, INDIVIDUALLY :
AND AS PRESIDENT OF OPC  :
MINING COMPANY,     :
   Defendants     :

APPEARANCES:
    DOUGLAS P. FRANCE, Esquire
    For the Plaintiff

    L.C. HEIM, Esquire
    For the Defendant

**Pa.R.A.P. 1925(a) MEMORANDUM OPINION IN SUPPORT OF ORDER**

Defendants have appealed the Order of the Court dated February 6, 2015 and docketed February 9, 2015. Notice of the appeal was filed and received by this Court on February 18, 2015.

Pursuant to Appellate Procedure, this Court ordered the Defendants to file a Concise Statement of Matters Complained Of by its Order of February 25, 2015.

Defendants filed a Statement of Matters Complained Of on March 2, 2015.

After review of the record the Court is surprised to find that it's Opinion Denying Defendants' Motion to Strike or Open Confessed Judgment was not

docketed simultaneously with the Order that is currently on appeal. That Opinion addresses the issues raised in this appeal and is provided below.

---

## OPINION DENYING DEFENDANT'S PETITION TO STRIKE OR OPEN CONFESSED JUDGMENT

Defendant OPC Mining Company and Daniel W. Stees, individually and as President of OPC Mining Company, ("OPC" or "Stees") filed a Petition to Strike or Open Confessed Judgment on November 15, 2011. Following the completion of discovery in this matter, the Court heard oral argument on December 13, 2012. Upon consideration of the pleadings filed in this case, the factual record as established through discovery, and oral arguments, the Court has determined that the requirements for striking or opening judgment have not been met. The Petition to Strike or Open Confessed Judgment is therefore DENIED.

### Facts and Procedural History

On October 14, 2011, Plaintiff K&S Joint Ventures filed a Complaint in Confession of Judgment against Defendant. Judgment was entered pursuant to the Personal Guaranty Mr. Stees allegedly entered into with George Karandrikas and Louis Skeparnias t/d/b/a K&S Joint Ventures. In that document, Mr. Stees guaranteed the obligations incurred by OPC pursuant to the Commercial Lease

Agreement with K&S Joint Ventures dated September 18, 2000.[1] Paragraph 26 of the Lease Agreement and Paragraph 5 of the Guaranty contain warrants of attorney authorizing the entry of confessed judgment upon default. There is no dispute over the Lease Agreement, the issues in this case concern the Guaranty.

On October 14, 2011, Defendant filed a Petition to Strike or Open Confessed Judgment. It is alleged in the Petition that the Guaranty does not contain Mr. Stees' signature, and, even if it did, that the damages alleged exceed the actual damages sustained by Plaintiff and/or that the Guaranty does not cover amounts paid by third parties, and that the judgment was entered on faulty bases further set forth in Defendant's Answer to the Complaint. Defendant's Answer more fully addresses the argument that Mr. Stees did not sign the Guaranty and the allegation that Plaintiff did not incur the expenses claimed because the property was not damaged beyond normal wear and tear.

This Court determined that the Petition stated *prima facie* grounds for relief and a rule to show cause was issued. Pa. R. Civ. P. No. 2959(b); *Ohio Pure Foods, Inc. v. Barbe*, 548 Pa. 373, 376, 697 A.2d 252, 254 (1997). The Rule ordered the completion of depositions by March 30, 2012 and provided that argument would be held upon motion of any Party following the completion of depositions. Plaintiff filed an Answer to the Petition and written discovery was exchanged. George Karadrikas, Attorney Paul Lutz, and Gail Navaroli were each

---

[1] There is an Addendum to the Lease Agreement dated July 31, 2010 that does not effect the issues in this case. The Guaranty provides that the guarantor will guarantee the lease, even if it is modified. (Guaranty ¶2). If the Guaranty can be enforced against Mr. Stees, then Mr. Stees is responsible for the lease terms and any amendment thereof.

deposed on May 31, 2012. Plaintiff filed a Petition to Schedule Argument on October 9, 2012. Oral argument was held on December 13, 2012.

Prior to the commencement of argument there was some confusion as to whether the Court was hearing testimony or argument. The Court reiterated, as was clear from Plaintiff's Petition to Schedule Argument and the Court's Order of November 15, 2012 scheduling the argument, that argument, and not testimony, was to be presented. Further, the initial RTSC issued by the Court clearly indicated that depositions were to occur and that argument alone would be held upon the completion of discovery. Following argument, the Court entered an Order Taking the Matter under Advisement that required Counsel to provide the Court with a copy of the discovery conducted in this case and permitted the Parties to file memorandum if they liked. The Court received copies of the discovery on January 8, 2013 and Plaintiff filed a Memorandum of Law in Opposition to Defendant's Petition on January 9, 2013.

## Issues Presented

(1) Whether there is a fatal defect or irregularity on the face of the record requiring the Court to strike the confession of judgment.

(2) Whether Defendant has alleged a meritorious defense requiring the Court to open the confession of judgment.

## Discussion

Pennsylvania law allows one contracting party to confess judgment against the other pursuant to a warrant of attorney, strictly complied with, upon a

breach of the terms of the agreement containing the warrant of attorney. A party who enters into an agreement containing a warrant of attorney has granted the other contracting party the authority, upon the occurrence of a specified event, "to enter that which results ordinarily only after a trial of the issue between the parties, i.e., a judgment." *Scott Factors, Inc. v. Hartley*, 425 Pa. 290, 293, 228 A.2d 887, 888 (1967). Cognizant of the risk of abuse inherent in such a grant of power to an attorney, the Supreme Court has noted that the courts must strictly review these judgments when determining their validity. *Scott Factors*, 228 A.2d at 888. The party against whom judgment is confessed can seek to have the judgment opened and/or stricken pursuant to Pennsylvania Rule of Civil Procedure No. 2959. All grounds for relief opening and/or striking judgment must be filed in a single Petition and all defenses and objections not included in the Petition are waived. Pa. R. Civ. P. No. 2959(a)(1) & (b). A Petition to Strike may be granted only for a fatal defect or irregularity appearing on the record. *Franklin Interiors v. Wall of Fame Management Company, Inc.*, 510 Pa. 597, 601, 511 A.2d 761, 763 (1986); *see also Parliament Industries, Inc. v. William H. Vaughan & Co., Inc.*, 501 Pa. 1, 459 A.2d 720 (1983). A Petition to Open may be granted only when the movant "acts promptly, alleges a meritorious defense and presents sufficient evidence of that defense to require submission of the issues to the jury." *First Seneca Bank v. Laurel Mt. Development Corp.*, 506 Pa. 439, 443, 485 A.2d 1086, 1088 (1984).

I.    Petition to Strike the Confession of Judgment

A valid warrant of attorney must be self-sustaining; it "must be in writing and must be signed by the person to be bound." *L.B. Foster*, 409 Pa. 318, 322,186 A.2d 18, 20 (1962).  In addition, the Supreme Court has required that the signature of the party to be bound must directly relate to the warrant of attorney. *Frantz Tractor Co. v. Wyoming Valley Nursery,* 384 Pa. 213, 216, 120 A.2d 303, 305 (1956).  Further, "[i]f a confessed judgment includes an item not authorized by warrant, the judgment is void in its entirety and must be stricken...However, if the judgment as entered is for items clearly within the judgment note, but excessive in amount, the court will modify the judgment and cause a proper judgment to be entered." *Dollar Bank, Fed. Sav. Bank v. Northwood Cheese Co.*, 431 Pa. Super 541, 551-552, 637 A.2d 309, 314 (1994).

In the present case, on the face of the Guaranty there is a warrant of attorney permitting the confession of judgment upon default of the terms of the Lease Agreement and providing that the judgment will reflect any amount of damages to which the Lessor (Plaintiff) is entitled to under the Guaranty and the Lease Agreement, including attorney's fees. (Guaranty ¶5).  A signature that appears to be Mr. Stees' is on the face of the Guaranty, at the end of the contract, subsequent to the clause containing the warrant or attorney.  The claim that Mr. Stees did not sign the contract is a defense to this action and not a fatal defect.  The only defect or irregularity on the record that has been identified by

Defendant is that the judgment amount includes damages that Plaintiff did not incur and reflects amounts paid by third parties.

Defendant specifically argues that the expenses Plaintiff claims to have incurred were in fact improvements and changes to the property that Plaintiff or a third party chose to make, not expenses Plaintiff had to incur as a result of abnormal damage done to the property by Defendant. Further, Defendant argues that all the documents purporting to establish the amounts claimed due in fact reflect amounts paid by a third party, not Plaintiff, and that Defendant is not responsible under the Guaranty for those amounts. Plaintiff claims that the amount of damages awarded by the Confessed Judgment fall "squarely within" the language of the Guaranty. The Court can only strike the confession of judgment if it contains an item not authorized by the warrant of attorney.

Paragraph 1 of the Guaranty provides that the Guarantor "irrevocably guarantees to Lessor…the payment of any amounts unpaid by Tenant as a result of any loss (reasonalbe [sic.] wear and tear excepted) damages or unlawful taking of any equipment…[and] any unpaid obligations of Tenant as a result of alterations, improvements or additions to the premises." In the Complaint in Confession of Judgment, Plaintiff identifies as the breach that Defendant failed to maintain and repair equipment subject to the Lease Agreement, failed to leave replaced equipment on the premises after termination of the lease, and removed a fixture (a canopy) from the premises. Plaintiff also identifies the expenses it

incurred to repair property damage and/or replace property damaged as a result of Defendant's failure to return the property to its original condition. The Guaranty permits Plaintiff to seek damages on these grounds. Therefore, judgment was entered only for items permitted by the agreement and the judgment cannot be stricken.

Defendant argues that he in fact left the property with only normal wear and tear and that Plaintiff incurred no damages on that basis and that the damages claimed were in fact incurred by a third party. First, whether the property was in good condition and whether the expenses incurred were necessary because the property was not left with only normal wear and tear are not appropriate grounds for striking judgment. The Court can modify the judgment if it is excessive without striking the judgment. Also, that the property was in good condition is a meritorious defense in this action and more properly addressed with regard to the request that the Court open the judgment. Second, the Defendant has failed to identify any provision of either the lease or guarantee that would prevent Plaintiff from including expenses incurred by third parties for the benefit of the property in the judgment amount. The Court has also been unable to locate any such provision. The judgment cannot therefore be stricken because it includes only items permitted by the note.

Plaintiff also states in the Complaint that the judgment amount reflects a 6% interest rate and attorney's fees in the amount of 5% of the principal balance. The six percent interest rate is the legal rate of interest in Pennsylvania, 41 P.S. § 202, and no provision of the Lease Agreement or the Guaranty mandates any different interest rate. The award of attorney's fees in the amount of 5% of the judgment is permitted by the warrant of attorney.

In conclusion, the Petition to Strike is denied because there are no facial defects or irregularities on the face of the record. Specifically, the Guaranty, and warrant of attorney contained therein, speak for themselves and appear on their face to be signed by Mr. Stees. In addition, the items claimed in the judgment amount confessed are authorized by the warrant of attorney. Whether those items accurately reflect the damages incurred is a meritorious defense raised by Defendant in his request that the Court open the judgment. Also, whether the judgment should be modified because the award is excessive or attorney's fees unreasonable will be discussed at the close of this opinion.

II.     Petition to Open the Confession of Judgment

Three requirements must be met in order for the Court to open judgment. First, the Petitioner must act promptly. Plaintiff concedes that Defendant acted promptly and the Court agrees. Second, the Petitioner must allege a meritorious defense. Defendant identifies three allegedly meritorious defenses: (1) that Mr.

Stees did not sign the Guaranty; (2) that, if the Guaranty does contain Mr. Stees' signature, the Guaranty only covers actual damages sustained by Plaintiff, of which there are none; and (3) that, if the Guaranty does contain Mr. Stees' signature, the Guaranty does not permit the award of damages representing amounts paid by third Parties.

The third requirement provides that the Petitioner must "'present evidence of that defense to require submission to a jury.'" *Germantown Mfg. Co. v. Rawlinson*, 341 Pa. Super. 42, 46, 491 A.2d 138, 140 (1985) (*quoting Weitzman v. Ulan,* 304 Pa. Super. 204, 209, 450 A.2d 173, 176 (1982)); *see also* Pa. R. Civ. Pro. No. 2959(e). Under Pennsylvania law, the standard of sufficiency for a Petition to Open Judgment by Confession is the same as that required for a directed verdict: "viewing all the evidence in the light most favorable to the petitioner and accepting as true all evidence and proper inferences therefrom supporting the defense while rejecting adverse allegations of the party obtaining judgment." *Germantown Mfg.,* 341 Pa. Super at 46-47 (*quoting Weitzman*, 304 Pa. Super. at 209). In ruling on a Petition to Open Judgment the Court shall not speculate as to whether the jury would be persuaded by Defendant's presentation. 7 Goodrich Amram 2d § 2959(e):1. In light of the requirement that the Court consider the evidence in the light most favorable to Defendant, testimony elicited by Plaintiff in contradiction to the testimony elicited by Defendant has not been considered by the Court in its determination.

To begin, the allegation that Mr. Stees did not sign the Guaranty has only been presented in the Petition to Open or Strike Confessed Judgment, in the Answer and Counterclaim, both filed on November 15, 2011, and in the oral argument presented by Defense Counsel. The Petition and Answer were not verified by Mr. Stees (they contained an attorney verification). Mr. Stees was not deposed in this matter nor was Mr. Stees served with written discovery to which he provided verified answers. Therefore, the record contains no testimony or verified statements made by Mr. Stees stating that he did not sign the Guaranty. The Court has also reviewed the transcripts of the depositions conducted in this matter. Looking at the deposition testimony in the light most favorable to the Defendant, the Court has determined that there is not sufficient evidence that Defendant did not sign the Guaranty to require submission of the question to a jury.

Attorney Paul Lutz represented K&S in this transaction and prepared both the Lease Agreement and the Guaranty. (Lutz Depo. at 8, line 25 & 9, lines 6-18). Attorney Lutz testified that he did not believe that he was present when the documents were executed, nor was he aware whether the documents were executed at the same time. (Lutz Depo. at 10, lines 8-18). In addition, Attorney Lutz testified that he did not have a signed copy of the Guaranty in his files and that he received, he believes, a copy of the executed Guaranty from Plaintiff. (Lutz Depo. at 12, lines 17-20 & 13, lines 1-7). Gail Navaroli, Attorney Lutz's

legal assistant, was also deposed. Ms. Navaroli testified that a year or two ago she was asked to find the original signed Guaranty and that she was unable at that time to find either the original or a signed copy. (Navaroli Depo. at 14, lines 24-25 & 15, lines 1-3). Ms. Navaroli could not recall who asked her originally to find the Guaranty but she believes Mr. Skeparnias, one of the signatories to the Lease Agreement and Guaranty on behalf of K&S, and Attorney Lutz each asked her for it at one time or another. Ms. Navaroli also testified that Mr. Skeparnias dropped off a copy of the signed Guaranty at Law Offices, although Ms. Navaroli did not ask him why he was dropping the contract off and she assumed it was because Law Offices did not have a copy. (Navaroli Depo. at 15, lines-15-25 & 16, lines 1-14). Mr. Karandrikas testified that he believed Attorney Lutz was present at the signing of the lease and guarantee, that he probably received a copy of the executed documents after the fact, that he did not know if anyone else received copies of the executed documents, and that he does not recall seeing an original Guaranty executed by Mr. Stees. (Karandrikas Depo. at 17, line 25 & 18).

Written discovery also reiterated the fact that Plaintiff does not possess the original Guaranty. Defendant argued that Plaintiff did not plead that the original document had been lost, misplaced, stolen or destroyed, and, therefore, Plaintiff did not establish the necessary grounds for allowing a copy of the contract to be admitted into evidence. Defendant is specifically upset that the original document was not produced because he wished to conduct a

handwriting examination of the document. It does not matter that the original does not exist; if the original is lost then the copy is sufficient. First, the best evidence rule (Pa. R. Evid. No. 1002) concerns the admissibility of documents; it is not a defense that if proven at trial would entitle a party to judgment in their favor. Second, Defendant never served supplemental interrogatories asking who, if anyone, might possess the original document. Third, Defendant did not seek recourse in the judiciary in order to find the missing original Guaranty. Fourth, there is no evidence that the Plaintiff has lost or destroyed the document in bad faith. Fifth, there is no evidence that Plaintiff ever had the original Guaranty. Finally, and most importantly, even if the failure to produce the original Guaranty was a meritorious defense, or a fatal defect on the record, Defendant did not raise the argument in the Petition to Open or Strike and the argument is therefore waived.

It is clear that there no evidence has been produced that would warrant referring the question of whether Mr. Stees signed the Guaranty to a jury. The original document has been misplaced, but a copy of a Guaranty containing a signature above the signature line reserved for Mr. Stees has been produced. In addition, the Lease Agreement, which Mr. Stees does not dispute signing, requires Mr. Stees to sign a personal guarantee. Further, the Guaranty was in fact signed and witnessed and Defendant produced no evidence to the contrary. None of the witnesses that testified were present at the signing of the Guaranty.

The witnesses to the execution of the Guaranty were not deposed. Further, that Attorney Lutz's Law Offices could not locate the original or a copy of the executed Guaranty is not sufficient evidence to establish that an executed Guaranty never existed because, in fact, a copy of the Guaranty containing the signatures of all the Parties involved plus witnesses has been produced. Finally, no argument or evidence has been presented that the signature on the Guaranty was not Mr. Stees'. It has only been argued that Mr. Stees did not sign the Guarantee, not that the Guarantee contains a forged signature. Therefore, judgment will not be opened.

Defendant's final two meritorious defenses again concern allegations that the amount confessed in the judgment was inappropriate because it reflected damages not incurred by Plaintiff, but in fact expenses paid by third parties. The Court has determined that the items claimed in the confession of judgment were permitted by the warrant of attorney because they arise from damage Plaintiff claims was done to the property beyond normal wear and tear and because there is no contractual provision preventing the inclusion of third party expenses. Defendant raises as a meritorious defense that the property was left with only normal wear and tear and that the judgment amount confessed is therefore not permitted by the Guaranty.

There is nothing in the record beyond the claim in the Petition and Answer, both of which have not been verified by Mr. Stees, that the property was left with only normal wear and tear. It is alleged in the Petition that George Karanicolas [sic.], one the partners of K&S, will testify that the property only had normal wear and tear immediately prior to Defendant vacating the premises. Mr. Karadrikas in fact did not provide such testimony and instead testified that in September or October of 2010 he went to the property for a beer and that he could not recall the condition of the property. In addition, Mr. Karandrikas testified that he had not and did not conducting any sort of inspection. Mr. Skeparnias, the other partner of K&S and the father of the current tenants, was not deposed. In addition, Plaintiff has produced photographic evidence in response to Defendant's written discovery requests evidencing the alleged damage to the property. Defendant has provided no documentary evidence to contradict those photos. Defendant has not presented sufficient evidence that the property was left in an acceptable condition and this issue need not be submitted to a jury.

The Court may modify an excessive judgment award. In this case, Defendant has made no argument nor presented any evidence that the judgment amount is excessive. The principal balance that formed the basis of the judgment award in this case totaled $86,210.99. The lease, which was in effect for ten years, originally provided for rent in the amount of $276,000 for a term of

three years. It is evident therefore, that Defendant must have spent over $900,000 in rent for the property over the course of the approximately ten years. It is not unreasonable that Defendant and his business, a restaurant, caused about $86,000 of damage to the property over that period of time, and Plaintiff has produced photographic documents reflecting the claimed damage. Further, the judgment amount includes the equipment and fixtures Plaintiff alleges the Defendant removed from the property and failed to replace. Defendant has provided no evidence to contradict that allegation.

In addition, no argument has been made by Defendant that attorney's fees awarded in this case, 5% of the principal for a total of $4,310.55, are excessive. We will note that the Superior Court in *Dollar Bank* refused to strike an award of attorney's fees in the amount of 15% of the principal in a confessed judgment because the award was "specifically authorized by the warrant of attorney." *Dollar Bank*, 431 Pa. Super at 552. While a court may modify a confessed judgment where the attorney's fees awarded are excessive, the Superior Court refused to do so as Appellant did not "make any argument as to why the fees are claimed to be excessive" or cite any evidence on the record supporting the claim that the fees were excessive. *Id.*; *see also RAIT Partnership v. E. Pointe Properties*, 2008 PA Super 225, 957 A.2d 1275 (2008). Accordingly, the Court finds no evidence that the judgment amount is excessive and modification of the award on that basis is therefore inappropriate. The only consideration left to the Court is whether the attorney's fees awarded are reasonable.

In general, each party is responsible for their own attorney's fees unless the award of fees is authorized by statute, agreement, or other exception. It is within the "sound discretion" of the trial court to determine the reasonableness of a fee. *In Re Estate of LaRocca*, 431 Pa. 542, 547 (1968). Where an agreement between parties permits the award of attorney's fees but is silent as to whether those fees must be reasonable, the Supreme Court has determined that the trial court may consider the reasonableness of the claimed fees and reduce the fees, if appropriate, and has held that a trial court has the authority to consider the reasonableness of fees. *McMullen v. Kutz*, 603 Pa. 602, 615 (2009). The Supreme Court has established that the following factors are to be considered in a court's determination of the reasonableness of attorney's fees:

> "[1] the amount of work performed; [2] the character of services rendered; [3] the difficulty of the problems involved; [4] the importance of litigation; [5] the amount of money or value of the property in question; [6] the degree of responsibility incurred; [7] whether the fund involved was 'created' by the attorney; [8] the professional skill and standing of the attorney in his profession; [9] the results [the attorney] was able to obtain; [10] the ability of the client to pay a reasonable fee for the services rendered; and very importantly [11] the amount of money or the value of the property in question." *LaRocca*, 431 Pa. 546.

*LaRocca*, 431 Pa. at 546. The Superior Court has required that all the factors be considered by the trial court when determining the reasonableness of fees. *McMullen*, 925 A.2d 832, 836 (Super.Ct. 2007); *Estate of Murray v. Love*, 602 A.2d 366, 370 (Sup.Ct. 1992).

The amount of work involved in confessing judgment is, in general, somewhat minimal. Essentially, all that required is the filing of the Confession of Judgment and Complaint in Confession of Judgment with the Prothonotary. In this case, Counsel determined that a breach pursuant to the Lease and Guaranty had occurred, determined the expenses incurred by Plaintiff as a result of the breach, identified the provisions of the contracts permitting the confession of judgment against Mr. Stees personally, and Counsel listed in the Complaint each breach and each expense incurred as a result of the breach. The services rendered in this case were routine, but very thorough. There has been no litigation in this case because judgment was confessed. Nevertheless, this matter is clearly important to Defendant as he is seeking to either strike the judgment, and make Plaintiff try again, or open the judgment and litigate the matter. The amount of money at issue in this case also reflects the importance of this matter.

The amount of money in question is a total judgment of $95,694.20, reflecting the principal balance, interest, and the attorney's fees. The attorney's fees awarded are the result of calculating 5% of the principal balance, without interest. The principal balance at issue in this case is $86,210.99. As to the degree of responsibility incurred, judgment was confessed because of Defendant's breach. There are allegations that the damages were actually incurred by the new tenant and that Plaintiff was not responsible for the expense. However, Defendant has produced no evidence to support this allegation.

Further, Defendant has produced no evidence that he did not remove fixtures or equipment from the premises in violation of the Lease and Guaranty.

No fund has been created by any attorney in this case. Attorney Douglas A. France, Counsel for Plaintiff, is highly skilled professionally in good standing with the legal community. Attorney France did properly file a Complaint in Confession of Judgment and judgment for his client was awarded. The Court does not know whether Plaintiff is able to pay the reasonable attorney's fees, but the Court has no reason to believe that Plaintiff could not pay the fees as Plaintiff owns at least one property capable of producing rental income.

The Supreme Court advises that the most important factor is the amount of money in question. As stated above, the amount of money in question is at least the principal balance of $86,210.99. This is a substantial sum of money. Counsel filed a thorough and correct Complaint in Confession of Judgment without defect or irregularity and successfully secured for Plaintiff the large judgment. After reviewing all the relevant factors, especially the amount of money in question, the Court finds in this case that the award of attorney's fees in the amount of $4,310.55 is reasonable.

## Conclusion

In conclusion, the Court will **DENY** the Defendant's Petition to Strike or Open Confessed Judgment filed on November 15, 2011. An Order consistent with this Opinion will be entered.

The Prothonotary shall forward copies of this Memorandum Opinion to counsel of record.

BY THE COURT,

Stephen P. Linebaugh, President Judge
19th Judicial District of Pennsylvania

Date: 3/25/15