250 Pa. Superior Ct. 530 (1977)
378 A.2d 1275
NORTH PENN CONSUMER DISCOUNT COMPANY
v.
Edwin L. SHULTZ and Joan D. Shultz, a/k/a Edwin L. Schultz and Joan D. Schultz, h/w, Appellants.
Superior Court of Pennsylvania.
Submitted June 14, 1976.
Decided October 6, 1977.
*532 Robert A. Solomon, Doylestown, for appellants.
Martin H. Philip, Parlmerton, for appellee.
Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.
SPAETH, Judge:
This appeal is from the denial of a petition to open a confessed judgment. The only issue raised is whether the denial amounts to a deprivation of due process.
The note in question was signed by appellants in favor of appellee on June 7, 1965. On appellants' default, appellee confessed judgment on July 8, 1969, in Montgomery County. Appellants moved to Bucks County, and on May 6, 1974, appellee transferred the judgment there, and on July 3, 1974, filed a writ of execution. On October 10, 1974, appellants filed a petition to open the judgment and obtained a stay of execution. Appellee filed an answer to the petition and depositions were taken. On December 10, 1975, the lower court denied the petition and dissolved the stay. This appeal followed.
The judgment was confessed in accordance with the procedure prescribed by Pa.R.C.P. 2950-2976. Appellants argue, however, that this procedure was a denial of due process in that "at no time have [appellants] had the opportunity to avail themselves of a hearing or to require the creditor [appellee] to prove the existence of the debt." Appellants' Brief at 6. For this proposition appellants principally rely on Swarb v. Lennox, 314 F.Supp. 1091 (1970), aff'd, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972).

1
In Swarb, a three-judge federal court reviewed the Pennsylvania procedure for confession of judgments in the context of a class action brought by Pennsylvania residents who had signed contracts authorizing judgments to be entered *533 against them. After receiving evidence, the court limited the class to natural persons who were Pennsylvania residents, had signed confession of judgment clauses in leases and consumer financing transactions, and had an annual income of less than $10,000. The court observed that the confession of judgment procedure entailed the waiver of the right to a hearing before judgment at which the creditor would have the burden of proving the debt. The court held, however, that this waiver was constitutional so long as it was intelligent and voluntary. The court then determined that on the evidence before it the members of the defined class had not intelligently and voluntarily waived their rights because they had not understood the judgment notes they had signed. The court therefore granted relief in the form of a permanent injunction against enforcement of judgments against members of the class if the judgments had been entered after June 1, 1970 (the date of the court's opinion.)[1] On direct appeal the Supreme Court affirmed. 405 U.S. 191 (1972). However, the effect of this affirmance was limited. Only the plaintiffs below had appealed; they argued that the lower court had limited the class too narrowly. In approving the lower court's limitation of the class, the Court declined to reach the merits of the lower court's holding on the constitutionality of the Pennsylvania confession of judgment procedure.
Appellants have failed to articulate precisely how the decision in Swarb relates to their case. Clearly, it does not support the argument that appellants sometimes seem to be making  that the Pennsylvania procedure for confession of judgments is unconstitutional on its face; to the contrary, the lower court in Swarb expressly upheld the procedure's constitutionality in the abstract, discussing only how it may be unconstitutionally applied against a debtor who has not intelligently and voluntarily waived his rights. 314 F.Supp. at 1100. See also Overmyer v. Frick, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972).
*534 Nor is Swarb res judicata. It would be if appellants were members of the defined class, but they are not, for the judgment here was confessed on July 8, 1969, well before the effective date of the injunction in Swarb.[2]
None of this is to say that Swarb is without value. While not a binding precedent, as would be a decision by the United States Supreme Court or our Supreme Court ruling on the constitutionality of the Pennsylvania confession of judgments procedure, it is nonetheless a thoughtful and well-considered decision by a respected court. We may assume that it expresses the proper standard by which to measure the constitutionality of the Pennsylvania procedure, i.e., if the waiver of procedural rights entailed in signing a confession note is to be valid, it must be intelligent and voluntary. Overmyer Co., Inc. v. Frick Co., supra. Transnational Consumer Discount Co. v. Kefauver, 224 Pa.Super. 475, 307 A.2d 303 (1973); Egyptian Sands Real Estate, Inc. v. Polony, 222 Pa.Super. 315, 294 A.2d 799 (1972). This assumption does not help appellants, for the lower court found that "we cannot conclude that [appellants] did not enter into the signing of the judgment note with their eyes wide open and with awareness of the nature and consequences of their voluntary acts, nor can we conclude that they did not understand the amount of the indebtedness which they were incurring." Lower Court Slip Opinion at 4.
It is true that in depositions filed in support of their petition to open appellants both stated that they did not understand the nature of a confession note. Depositions at 7, 26. After review of the entire testimony, however, we find sufficient support for the lower court's finding that these statements lacked credibility. Appellants had in the past signed other judgment notes, Depositions at 22, 26; in fact the note in question here was in effect a refinancing of *535 prior indebtedness of appellants also secured by a judgment note, Depositions at 25-26. Further, appellants' decision to re-finance was motivated by the execution proceedings on the prior judgment note. Depositions at 1-4, 23-24. There are other aspects of appellants' depositions that might support a finding that appellants were not truthful in saying that they did not understand the nature of a confession note, including the fact that neither could recall having been represented by a certain attorney in the early stages of this case, even after being confronted with the attorney's correspondence both to them and on their behalf, indicating that appellants had retained him. On the whole, the record suggests no reason for concluding that the lower court abused its discretion in finding that appellants had not presented a sufficient reason to open the judgment.

2
As we understand it, appellants argument goes beyond an attack on the correctness of the result reached by the lower court, assuming that Swarb should be followed. Thus appellants seem to suggest that notwithstanding the proceedings below they have yet to be afforded due process, defined, as they put it, as "the opportunity to avail themselves of a hearing or to require the creditor to prove the existence of the debt." Appellants' Brief at 6. If this is appellants' argument, we are not persuaded by it, for we have concluded that the opportunity to be heard that was afforded appellants conformed with due process. Furthermore, appellants have never challenged "the existence of the debt" but in fact have admitted it. Depositions at 27 ("Q. What was your understanding at the time? A. That we were obligated to pay it.")
Due process requires that one be given an opportunity to be heard prior to an intrusion upon one's property rights either by the government or by a private party with the assistance of the government. Parks v. "Mr. Ford", 556 F.2d 132. (BNA) (3d Cir. 1977) (state procedure permitting sale of auto to satisfy mechanic's lien after thirty days notice and without pre-execution hearing or judicial authorization *536 is violative of due process). And see Fuentes v. Shevin, 407 U.S. 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) (pre-judgment replevin without prior opportunity to be heard is violative of due process); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (termination of welfare benefits without pre-termination hearing is violative of due process); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) (pre-judgment garnishment without prior opportunity to be heard is violative of due process). In the context of a judgment confessed on a judgment note, due process requires, at a minimum, that the judgment debtor have an opportunity to be heard prior to execution of the judgment against the debtor's property. Chittester v. LC-DC-F Employees of G.E. Federal Credit Union, 384 F.Supp. 475, 479 (D.C.Pa. 1974). Here appellants did have this opportunity.
Appellants, however, are apparently of the opinion that they should have been afforded the benefit of a proceeding comparable to a full trial. It is clear that due process does not necessarily require that much. The "hearing" referred to in the cases means simply an opportunity to be heard; the form and procedural incidents of this opportunity are not prescribed but depend upon the interest being asserted. Fuentes v. Shevin, supra 407 U.S. at 82, 92 S.Ct. 1983; Goldberg v. Kelly, supra, 397 U.S. at 236, 90 S.Ct. 1011; Chittester v. LC-DC-F Employees of G.E. Federal Credit Union, supra at 479. Appellants have had available, and in fact have taken advantage of, the following procedural opportunities: a petition to open judgment; a stay of execution; a rule to show cause why the judgment should not be opened; depositions to support the allegations in their petition; and oral argument. It is also noteworthy that appellants have enjoyed the benefit of a 1973 revision in Pa.R.Civ.P. 2959(e), which materially lessened the burden of proof imposed upon a petitioner seeking to have a confessed judgment opened. Under the revision, the petitioner need only submit evidence such as in a jury trial would require the issue to go to the jury. This standard is modeled after the standard cited with approval by Justice DOUGLAS in *537 his Concurring Opinion in Overmyer Co., Inc. v. Frick, supra, 405 U.S. at 190, 92 S.Ct. 775, as being "a minimal obstacle." Ritchey v. Mars, 227 Pa.Super. 33, 324 A.2d 513 (1974); Egyptian Sands Real Estate, Inc. v. Polony, supra.
Affirmed.
NOTES
[1] Confession of judgment on a contract signed before June 1, 1970, was permitted to be entered of record before Nov. 1, 1970, but only after a hearing at which the creditor had proved the waiver valid.
[2] It is doubtful whether appellants could in any case qualify as members of the class. In their petition to open they alleged that they had an annual income of less than $10,000. However, that allegation was denied in appellee's answer to the petition, and appellants neglected to support the allegation in their depositions. See Pa.R. C.P. 209.