487 A.2d 943

### COMMONWEALTH NATIONAL BANK

v.

**Hans BOETZELEN and Ernst A. Boetzelen, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 18, 1984.

Filed Jan. 25, 1985.

2. Because of our disposition of this case, we need not address appellant's remaining contentions.

238

Stephen M. Greecher, Jr., Harrisburg, for appellants.
Daniel E. Shoemaker, York, for appellee.

Before WICKERSHAM, WATKINS and HESTER, JJ.

HESTER, Judge:

This action involves a motion to strike a judgment entered against appellants Hans and Ernst Boetzelen. The judgment was based upon a Guaranty Agreement containing a warrant of attorney. It is from the denial of appellants' motion that this appeal ensued.

Appellants are the President and Vice-President respectively of Ernie Fence Supply Company. On January 22, 1971, appellants, in their capacities as corporate officers, signed a note for $46,788.48 with Commonwealth National Bank, appellee herein. In September, 1971, at appellee's request, appellants signed a Guaranty Agreement, the subject of the within appeal.

The Guaranty Agreement was recorded in the office of the Prothonotary of York County against appellants individually on October 1, 1971. Although the loan at that time was not in default, judgment was entered for the face amount of the Agreement. Immediately after appellants discovered that judgment had been entered against them, they filed a motion to strike. The lower court denied said motion on July 13, 1983.

Appellants raise two arguments on appeal. First, they contend that the lower court erred in refusing to strike the judgment entered against them as individuals when they signed the Agreement in their corporate capacities. Second, they aver that it is impossible to ascertain from the face of the Agreement whether appellants were in default

on the amount actually owed. Therefore, the mere filing of the Agreement without more was improper, and the judgment must be stricken.

■■■ Initially, we note that a motion to strike a judgment is a common law proceeding and operates as a demurrer to the record. *Township of Middletown v. Fried & Gerber*, 308 Pa.Super. 161, 164, 454 A.2d 71, 72 (1982). Unless a fatal defect appears on the face of the record, a motion to strike a judgment will not be granted. *Maiorana v. Farmers & Merchants Bank*, 319 Pa.Super. 338, 466 A.2d 188 (1983). Consequently, matters dehors the record will not be considered. *Bethlehem Steel Corp. v. Tri-State Industries, Inc.*, 290 Pa.Super. 461, 434 A.2d 1236 (1981). See also *DeFeo v. MacIntyre*, 265 Pa.Super. 95, 401 A.2d 818 (1979).

■■ So viewed, the record reveals the following. The Guaranty Agreement states in relevant part:

WHEREAS, Ernie Fence Supply Company (hereinafter called Borrower), has applied to the Commonwealth National Bank, York, Pennsylvania, for a loan of an amount not to exceed $46,788.48, and

WHEREAS, the Commonwealth National Bank is unwilling to make said loan and any renewal thereof without this guaranty.

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that to induce the said bank to extend credit to make advances to the Borrower in any amount or amounts not to exceed $46,788.48, and in consideration of the sum of ONE DOLLAR ($1.00) the receipt whereof is hereby acknowledged, the undersigned, as surety, hereby absolutely and unconditionally guarantees payment when due, and at all times thereafter of any and all existing and future indebtedness and liability of every kind, nature and character ... from the Borrower to the Bank....

The Agreement also contains a warrant of attorney clause which provides:

The undersigned hereby authorizes and empowers any prothonotary, clerk or attorney of any court of record to appear for and confess judgment against the undersigned in favor of the Bank, its successors or assigns, for any sum or sums of money which may be due hereunder...

The Agreement was signed by Hans Boetzelen and Ernst A. Boetzelen. Below their signatures were typed their names and the titles "President" and "Vice-President" respectively. The Guaranty Agreement contained no language indicating that it was being signed on behalf of the business entity, nor was the business name above or below the signature lines.

Having scrutinized the Guaranty Agreement, we must agree with the lower court's finding that appellants are individually liable thereon. "A guaranty is a promise to pay the debt of another when the creditor is unable, after due prosecution, to collect the amount owed by the debtor." *Atlanta Corp. v. Ohio Valley Provision Co.*, 489 Pa. 389, 394, 414 A.2d 123, 126 (1980). When the bank required a guaranty in a transaction, its obvious purpose was to avoid the risk of default in payment. The very language of the Agreement indicates that the "undersigned" were acting as sureties guaranteeing payment of the loan. It is beyond peradventure that the bank, which refused to extend credit to Ernie Finance Supply Company, would likewise not be satisfied with a Guaranty Agreement signed on behalf of the corporation. The face of the Agreement supports the conclusion that appellants signed as individuals, and we will not disturb that finding.

Appellants rely upon *Solebury National Bank of New Hope v. Cairns*, 252 Pa.Super. 45, 380 A.2d 1273 (1977) for support. Therein, we opened a judgment entered against Cairns individually when he had signed a Guaranty Agreement in his capacity as corporate president. We held that the language of the Guaranty Agreement was too indirect and general to demonstrate that Cairns had authorized confession of judgment against himself as an individual.

However, that case is factually dissimilar from the case at bar. Therein, the confession of judgment was not contained in the Guaranty Agreement, which Cairns admittedly signed as an individual. Rather, the warrant of attorney was contained in the note which Cairns signed on behalf of his corporation. Thus, we determined that Cairns' personal signature on the Guaranty Agreement did not bear a sufficiently direct relationship to the warrant of attorney clause in the note to demonstrate that he accepted the entry of confessed judgment against him.

Herein, the warrant of attorney was prominently displayed in the Guaranty Agreement and was located in the last paragraph directly above appellants' signature. It was not a finely printed clause located on the unsigned reverse side of the agreement. See *Frantz Tractor Co. v. Wyoming Valley Nursery*, 384 Pa. 213, 120 A.2d 303 (1956); *Cutler Corp. v. Latshaw*, 374 Pa. 1, 97 A.2d 234 (1953). Nor was it located in a separate document appended to the Guaranty Agreement, as in *Solebury*. See also *Griffin Oil Co. v. Toms*, 170 Pa.Super. 203, 85 A.2d 595 (1952). Even construing the warrant of attorney strictly, as we are bound to do, *A.B. & F. Contracting Corp. v. Matthews Coal Co.*, 194 Pa.Super. 271, 166 A.2d 317 (1960), we find the confession of judgment clause, and the entire Guaranty Agreement, to be self-sustaining on the record, and free from any fatal defect.

Appellants' second argument must also fail. They assert that, since neither the amount actually owed under the Guaranty Agreement nor the occurrence of the event that would constitute default is ascertainable from the Agreement, confession of judgment via filing of the Agreement was improper.

■ Unquestionably, if a warrant of attorney clause authorizes entry of judgment by confession only after default, a judgment entered prior to default or lacking an averment of default is invalid. *Triangle Building Supplies & Lumber Co. v. Zerman*, 242 Pa.Super. 315, 363 A.2d 1287 (1976). "However, absent some restriction as to when a judgment may be entered, a judgment may be entered for a full

amount prior to the time it is due and payable." *Industrial Valley Bank & Trust Co. v. Lawrence Voluck Associates, Inc.*, 285 Pa.Super. 499, 503, 428 A.2d 156, 159 (1981).

 In the instant case, there was no condition, limitation, or restriction of any kind as to when judgment may be entered. Consequently, the authority to issue judgment for the full amount of the loan was immediate and did not warrant that the judgment be stricken. That is not to say that the right of execution was immediate. Execution cannot issue until default. *Id.*, quoting *Integrity Title Insurance, Trust & Safe Deposit Co. v. Rau*, 153 Pa. 488, 26 A. 220 (1893). As the court in *Integrity* observed:

the enforcement of satisfaction, by execution or otherwise, is a matter to be governed by the rights and equities of the parties, and comes within the jurisdiction of the Court.

153 Pa. at 491–492, 26 A. at 220. Notwithstanding the issue of execution, appellee was within its rights to enter judgment against appellants. We therefore affirm the Order of the lower court.

Order affirmed.

WICKERSHAM, J., did not participate in the consideration or decision of this case.