637 A.2d 309

**DOLLAR BANK, FEDERAL SAVINGS BANK**

v.

**NORTHWOOD CHEESE CO., INC., Appellant.**

**DOLLAR BANK, FEDERAL SAVINGS BANK**

v.

**George L. MYRTER and Eleanor M. Myrter, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 21, 1993.

Filed Feb. 14, 1994.

542

544

Jeffrey T. Morris, Pittsburgh, for appellants.

B.A. Karlowitz, Pittsburgh, for appellee.

Before CIRILLO, FORD ELLIOTT and CERCONE, JJ.

CERCONE, Judge:

This is an appeal of two orders of the lower court denying appellants' petitions to open and/or strike judgments by confession. We affirm.

The record reveals the following facts. In April, 1989, appellant Northwood Cheese (Northwood) entered into a loan agreement with appellee Dollar Bank and executed a promissory note in connection with this agreement. Appellants George and Eleanor Myrter (the Myrters) guaranteed payment of the loan to Northwood Cheese by executing with appellee a Guaranty and Suretyship Agreement with Power to Confess Judgment. On May 12, 1992, appellee received two checks from Northwood in payment of the monthly amount which was due under the note and for a reduction of principal on the loan. After appellee presented the checks for payment, they were returned with the notation "freeze on account." On June 1, 1992, the Myrters delivered two replacement checks but these were returned to appellee marked "account closed." Then, on June 9, 1992, the Myrters presented three post-dated checks to a Dollar Bank employee; however, appellee learned on June 10, 1992 that the Myrters' account had insufficient funds to cover any of the checks. On June 11, 1992, appellee confessed judgments against Northwood and the Myrters pursuant to the promissory note and the guaranty agreement. On that date, the Myrters made a deposit to their bank account; however, they stopped payment on that account the next day (June 12, 1992).

In July, 1992, appellants each filed petitions to open and/or strike the confessed judgments. On March 31, 1993, the lower court entered an order denying Northwood's petition. The lower court entered a separate order on April 6, 1993, denying the Myrter's petition. Appellants filed timely notices of ap-

peal. In this consolidated appeal, appellants raise the following issues:

1. Was Dollar Bank, through its acceptance of post-dated checks, precluded from confessing judgment against appellants unless and until the checks were presented and dishonored?

2. Was the occurrence of a default by the appellants a precondition to any right of appellee to confess judgment against them?

3. Did appellee, by its conduct and assurances to appellants, waive any right to confess judgment against them?

4. Did appellee waive any grounds for default, other than a claimed payment default as alleged in its complaint for confession of judgment against Northwood?

5. Was any default which arguably occurred technical, immaterial, and subject to correction?

6. Can a judgment be properly confessed on an instrument which was not signed by one of the appellants when there was evidence that the appellants did not clearly consent to the warrant to confess judgment?

7. Was the confession of judgment and immediate issuance of garnishment execution against appellants' bank accounts an impermissible violation of appellants' constitutional rights to due process of law?

8. Should the judgments have been opened to determine the reasonableness of the counsel fees included therein?

Before addressing these issues, we first set forth our standard of review.

■ "A judgment taken by confession will be opened in only a limited number of circumstances, and only when the person seeking to have it opened acts promptly, alleges a meritorious defense and presents sufficient evidence of that defense to require submission of the issues to the jury." *First Seneca Bank v. Laurel Mt. Development Corporation*, 506 Pa. 439, 443, 485 A.2d 1086, 1088 (1984). "Once a ruling either opening or refusing to open a confessed judgment is appealed, we, as an appellate court, will refrain from reversing a trial

court's decision unless it is shown that the court committed an error of law or manifestly abused its discretion." *Lambakis v. Exar*, 340 Pa.Super. 483, 488, 490 A.2d 882, 884 (1985), *citing Wenger v. Ziegler*, 424 Pa. 268, 226 A.2d 653 (1967). The standard of sufficiency of the evidence which a court must employ to open a confessed judgment "is that of the directed verdict—viewing all the evidence in the light most favorable to the petitioner and accepting as true all evidence and proper inferences therefrom supporting the defense while rejecting adverse allegations of the party obtaining the judgment." *Weitzman v. Ulan*, 304 Pa.Super. 204, 209, 450 A.2d 173, 176 (1982). A motion to strike a judgment will not be granted unless the fatal defect claimed appears on the face of the record. *PennWest Farm Credit, ACA v. Hare*, 410 Pa.Super. 422, 600 A.2d 213 (1991); *Haggerty v. Fetner*, 332 Pa.Super. 333, 481 A.2d 641 (1984).

Turning to the issues appellants have raised in this appeal, we note that the first five issues relate to whether there was a default under the parties' agreement and alternatively, whether it was necessary for default to occur in order for appellee to properly confess judgment. To determine this, we must examine the warrant of attorney itself for the scope of authority to confess judgment is defined by the terms of the warrant of attorney which authorizes confession of judgment. *Park–Main Co. of Penn, Inc. v. Fayette National Bank & Trust Co. of Uniontown*, 397 Pa. 75, 152 A.2d 714 (1959). Entry of a valid judgment by confession can only be accomplished if such entry is made in rigid adherence to the provisions of the warrant of attorney; otherwise, such judgment will be stricken. *Scott Factors, Inc. v. Hartley*, 425 Pa. 290, 228 A.2d 887 (1967). A warrant to confess judgment must be explicit and will be strictly construed, with any ambiguities resolved against the party in whose favor the warrant is given. *Lincoln Bank v. C & H Agency, Inc.*, 500 Pa. 294, 456 A.2d 136 (1982).

The warrant of attorney contained in the note and guaranty agreement provided as follows:

The undersigned hereby irrevocably authorizes and empowers any prothonotary or attorney of any court of record within the United States of America or elsewhere to appear for the undersigned and, with or without complaint filed, confess judgment, or a series of judgments, against the undersigned in favor of the bank or any holder hereof, as of any term, for the unpaid balance hereof together with interest thereon, costs of suit and an attorney's fee for collection of fifteen percent (15%) of the amount due or five hundred ($500.00) dollars, whichever is greater. The undersigned hereby forever waives and releases any and all errors which may intervene in any such proceedings, waives all right of appeal and stay of execution and waives all laws exempting real or personal property from execution. The undersigned shall not cause any bill in equity to be filed to interfere in any manner with the operation of such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof. Interest on any such judgment shall accrue at a rate equivalent to that provided for in this note. No single exercise of the foregoing power to confess judgment, or a series of judgments, shall be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be valid, voidable or void, but the power shall continue undiminished, and it may be exercised from time to time as often as the holder hereof shall elect until such time as the holder shall have received payment in full of the debt, interest and costs.

In interpreting the foregoing warrant of attorney, we are guided by the following authority:

Unquestionably, if a warrant of attorney clause authorizes entry of judgment by confession only after default, a judgment entered prior to default or lacking an averment of default is invalid. *Triangle Building Supplies & Lumber Co. v. Zerman,* 242 Pa.Super. 315, 363 A.2d 1287 (1976). "However, absent some restriction as to when a judgment may be entered, a judgment may be entered for a full amount prior to the time it is due and payable." *Industrial*

*Valley Bank & Trust Co. v. Lawrence Voluck Associates, Inc.,* 285 Pa.Super. 499, 503, 428 A.2d 156, 159 (1981). *Commonwealth National Bank v. Boetzelen,* 338 Pa.Super. 237, 242–43, 487 A.2d 943, 946 (1985). Where the warrant of attorney contains no condition, limitation, or restriction of any kind as to when judgment may be entered, the authority to issue judgment for the full amount of the loan is immediate. *Id.* However, the right of execution is not immediate. *Id.,* quoting *Industrial Valley Bank & Trust Co., supra.* and *Integrity Title Insurance, Trust & Safe Deposit Co. v. Rau,* 153 Pa. 488, 26 A. 220 (1893). Execution cannot issue without default. *Id.*

The warrant of attorney in the instant case is explicit and unambiguous. It contains no conditions or limitations upon the entry of judgment by confession. Therefore, we must reject as meritless all of appellant's arguments which are based on the theory that default must have occurred prior to appellee's entry of judgment against them.

 Moreover, execution was proper in the instant case because the evidence of record shows that appellants did in fact default in their payments under the note. There is no dispute that appellants gave post-dated checks for their monthly payment obligation. After a post-dated check is delivered, it constitutes payment only on and after the date of the check. *Staff Builders of Philadelphia v. Koschitzki,* 989 F.2d 692 (3rd Cir.1993). Thus, appellants' obligation under the note and guaranty agreements was not suspended by the mere delivery of the checks to appellee. The suspension of those obligations could not occur until June 12, 1992, the date of the post-dated instruments. On June 12, 1992, the evidence shows clearly that there were no funds available in appellants' account to cover the post-dated checks because appellants had stopped payment on them on June 11, 1992. Thus, appellants cannot successfully claim that their delivery of post-dated checks to appellee cured their default under the note. *See also Hart v. Sims,* 702 F.2d 574 (5th Cir.1983) (section 3–802 of the Uniform Commercial Code does not suspend the under-lying obligation if the drawer or maker of the instrument has

waived presentment of it expressly or by implication; stopping payment on a check given for an obligation constitutes waiver of presentment). Accordingly, since default existed, execution under the confessed judgment was proper.

■ Appellant's next argument on appeal is that the confessed judgment was improper because there was evidence that Eleanor Myrter did not sign the guaranty agreement, and that appellants did not understand the warrant of attorney provisions in the note and guaranty agreement and therefore did not consent to its provisions. Appellants base the first part of this argument on an excerpt from the deposition testimony of Eleanor Myrter, in which she stated that she did not recall signing the guaranty document. However, elsewhere in the deposition, Mrs. Myrter does not deny her signing of the document. Additionally, appellants admit in their pleadings that both Mr. and Mrs. Myrter executed the guaranty agreement. We conclude that the lower court did not err in failing to find a meritorious defense on this basis.

■ There is also no merit to appellants' assertion that their purported lack of knowledge and/or understanding of the warrant of attorney provisions in the note and guaranty agreement requires that the judgment be stricken or opened. The failure to read a confession of judgment clause will not justify avoidance of it. *Pittsburgh National Bank v. Larson,* 352 Pa.Super. 250, 507 A.2d 867 (1986). This is particularly true where the confession of judgment clause is clear and conspicuous and part of a commercial transaction. *Provco Leasing Corporation v. Safin,* 265 Pa.Super. 423, 402 A.2d 510 (1979). The confession of judgment clauses in the instant case possessed all of these attributes. The lower court did not err in failing to open the confessed judgment on this basis.

■ Next, appellant contends that the lower court erred in denying their petition to open/strike the confessed judgment because the confession of judgment and immediate execution against appellants' bank accounts was an unconstitutional deprivation of property without due process of law. Appellants cite *Jordan v. Berman,* 758 F.Supp. 269 (E.D.Pa.1991) in this

regard. In *Jordan*, the federal district court of the eastern district of Pennsylvania found the garnishment procedure set forth in Pa.R.Civ.P., Rule 2958, 42 Pa.C.S.A., to be unconstitutional because it provides no assurance for a prompt hearing on the merits of a creditors' claim, and the attachment is preserved under Pa.R.Civ.P., Rule 2959(f) while any proceedings to open judgment are pending. *Id.* at 280. However, in *North Penn Consumer Discount Co. v. Shultz*, 250 Pa.Super. 530, 378 A.2d 1275 (1977), the court held that in the context of a judgment confessed on a judgment note, the "hearing" required to comport with due process means simply an opportunity to be heard; it does not require a proceeding comparable to a full trial, but may be satisfied by other procedural opportunities to be heard, such as a petition to open judgment, a stay of execution, a rule to show cause why the judgment should not be opened, depositions to support the allegations in the petition, and oral argument. *Id.*, 250 Pa.Super. at 536, 378 A.2d at 1278.

It is clear that in the instant case, appellants have been afforded many of these procedural opportunities. They have filed the instant petition to open judgment, a petition to enforce stay of execution, numerous depositions in connection with the petition to open judgment, and oral argument of the case. All of these procedural opportunities have provided appellants with a "hearing" sufficient to satisfy the requirements of due process. *North Penn Consumer Discount Co., supra.* Therefore, the lower court's entry of confession of judgment against appellants did not constitute a violation of their constitutional rights.

 Next, appellants contend that the lower court should have opened the confessed judgments to determine the reasonableness of counsel fees included therein. They assert that counsel fees awarded in accordance with the fifteen percent attorney's commission specified in the warrant of attorney are excessive.

 If a confessed judgment includes an item not authorized by the warrant, the judgment is void in its entirety

and must be stricken. *Colony Federal Savings & Loan Association v. Beaver Valley Engineering Supplies Company*, 238 Pa.Super. 540, 361 A.2d 343 (1976). However, if the judgment as entered is for items clearly within the judgment note, but excessive in amount, the court will modify the judgment and cause a proper judgment to be entered. *Id.* at 347. If the judgment was entered for an amount which was grossly excessive, the judgment must be stricken in its entirety. *Id.*

Here, it is clear that attorney's fees in the amount of fifteen percent were specifically authorized by the warrant of attorney. Appellants claim that the amount of attorneys' fees is excessive, but they provide no citation to any evidence of record to this effect, and similarly do not make any argument as to why the fees are claimed to be excessive. We note that a voluminous record accompanies the instant case. In light of the fact that the warrant of attorney permits the fee to which appellants object, and in the absence of any specific argument concerning the alleged excessiveness of the fee, we find this argument meritless.

Orders affirmed.