J-A28015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TD BANK, N.A. | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | v. | |
| THE OGONTZ AVENUE REVITALIZATION CORPORATION | | |
| | Appellant | No. 35 EDA 2016 |

Appeal from the Order Entered November 23, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 04775, August Term, 2015

| | | |
|---|---|---|
| TD BANK, N.A. | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | v. | |
| ROWAN DEVELOPMENT, INC. | | |
| | Appellant | No. 36 EDA 2016 |

Appeal from the Order Entered November 23, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 04827, August Term, 2015

BEFORE: PANELLA, J., SHOGAN, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.                    **Filed February 27, 2017**

_____

[*] Retired Senior Judge assigned to the Superior Court.

In these consolidated appeals, Appellants, the Ogontz Avenue Revitalization Corporation and Rowan Development, Inc., appeal from the orders entered in the Philadelphia County Court of Common Pleas, following denial of Appellants' petitions to strike and/or open a confessed judgment in favor of Appellee, TD Bank, N.A. We affirm.

The relevant facts and procedural history are as follows. On December 20, 2011, Appellant, Rowan Development, Inc. ("Appellant Rowan"), a non-profit organization, executed a mortgage loan note with Appellee for the principal amount of $4,000,000. Appellant, Ogontz Avenue Revitalization Corporation ("Appellant Ogontz"), signed as commercial guarantor of the sum's repayment in the event of default by Appellant Rowan in a separate agreement as security for the mortgage note. Appellant Rowan is a subsidiary of Appellant Ogontz.

Over the next four years, Appellee and Appellant Rowan signed four amendments to the mortgage loan note. The mortgage loan note and each of the four amendments contained a warrant of attorney clause, which in the fourth amendment read as follows.

> **<u>Additional Confession of Judgment</u>. Borrower hereby irrevocably authorizes and empowers any attorney or attorneys or the Prothonotary or Clerk of any Court of record in the Commonwealth of Pennsylvania, or elsewhere, to appear for the Borrower in any such Court in any and all appropriate actions there brought or to be brought against Borrower at the suit of Lender on the Note or this Fourth Amendment, and therein to confess judgment against Borrower for all or any party of the sums due by Borrower therein together with costs of suit**

**and an attorney's fee for collection in an amount of 5% of all sums due, but no less than $10,000, and for so doing the Note of a copy thereof verified by affidavit shall be a sufficient warrant. The exercise of this confession of judgment shall not be deemed to exhaust the power, whether or not such exercise shall be held by any court to be invalid, avoidable, or void, but the power shall continue undiminished and it may be exercised from time to time and as often as Lender shall elect, until such time as Lender shall have received payment in full of all sums due under the Note, the Mortgage and this Fourth Amendment together with interest, costs, and fees, and sums due hereunder. This warrant of attorney shall be effective only after the occurrence of an Event of Default.**

Fourth Amendment to Mortgage Loan Note, dated 6/16/15, at 6 ¶ 11.

Appellant Ogontz signed a guaranty of payment agreement following each amendment, and the agreements contained a similar warrant of attorney clause, allowing the collection of 5% attorneys' fees in the event of a default by Appellant Rowan. **See** Guaranty of Payment, dated 12/20/11, at ¶ 28.

On September 4, 2015, Appellee filed complaints in confession of judgment in two separate actions utilizing the warrant of attorney signed by Appellants in the mortgage loan note and the guaranty of payment. Through one action, docket no. 004775, Appellee sought judgment against Appellant Ogontz for $3,821,573.52, as the commercial guarantor under the terms of the guaranty of payment. Through the second action, docket no. 004827, Appellee sought judgment against Appellant Rowan in the same amount. Each requested judgment amount consisted of $3,527,465.68 for unpaid principal amount, $181,979.69 for attorneys' fees, $85,294.60 for unpaid interest, and $13,806.43 for unpaid legal fees for defaults and drafting

- 3 -

amendments. That same day, pursuant to the amount requested in the complaints, judgments were entered in the Philadelphia County Prothonotary.

On October 16, 2015, Appellants filed petitions to open/strike the confessed judgments entered in both actions, as well as petitions to stay enforcement of the judgment. Appellee filed an answer to Appellants' petitions on November 20, 2015 and the trial court denied Appellants' petitions by order later that same day.[1]

On December 8, 2015, Appellants filed a timely notice of appeal in each of the above captioned cases. The trial court did not order Appellants to file a Rule 1925(b) statement. We consolidated these matters on appeal.

On appeal, Appellants raise the following issues.

A. Whether the [trial c]ourt committed an error of law or abuse of discretion by ruling on Appellants' [p]etitions within 24 hours of Appellee's [a]nswer, thereby precluding Appellant's [sic] outstanding discovery[.]

B. Whether the [trial c]ourt [] committed an error of law or abuse of discretion in not finding that the [c]onfessed [j]udgment should be stricken or opened[.]

C. Whether the [trial c]ourt [] committed an error of law or abuse of discretion by failing to find that (i) the interest required by Appellee was usurious; and (ii) the legal fees were excessive and duplicative considering that the same

---

[1] The trial court's orders were dated November 20, 2015 but the orders were not docketed until November 23, 2015, the same date notice was provided to the parties.

excessive fees against Appellant [Ogontz], the guarantor, were also assessed against the borrower, Appellant [Rowan.]

D. Whether, to the extent the [t]rial [c]ourt's decision was based on its finding that Appellant [sic] did not offer any evidence showing why Appellee's interest and attorney's fees were excessive, the findings is legally erroneous or an abuse of discretion, and contrary to the requirement of due process under the United States and Pennsylvania Constitution and usury law[.]

E. Whether the [trial c]ourt [] committed an error of law or abuse of discretion in finding that the Appellants' proof that the Appellee's [p]raecipe for [a]ssessment of [d]amages and [e]ntry of [j]udgment was vague[.]

F. Whether the [trial c]ourt [] committed an error of law or abuse of discretion by: (i) denying Appellants' [p]etitions to [o]pen and/or [s]trike [c]onfessed [j]udgment; (ii) affirming the [c]onfessed [j]udgment; and (iii) failing to find that Appellee's actions against a non-profit are unconscionable[.]

Appellants' Brief, at 5.[2]

Prior to addressing Appellants' issues on the merits, we must first determine whether Appellants' have properly preserved their issues for our review. Through their third issue, Appellants present a claim that the trial court erred and/or abused its discretion by failing to grant the petitions to

_____

[2] Appellants' brief also contained a request for a stay of the execution proceedings. **See** Appellants' Brief, at 5, ¶ G. However, prior to the resolution of this appeal, Appellee executed on the judgment and both parties agreed that Appellants' challenge to the stay was moot. **See** Application Of [Appellee] To Inform Court Of Moot Issue In Appeal, dated 12/29/16; Response Of Appellant [sic] to Appellee's Application To Inform Court Of Moot Issue On Appeal, dated 1/3/17. Therefore, we will not address this issue herein. (Appellee's application to inform the Court was docketed as a motion, which, given the foregoing, we deny.)

strike/open because the confessed judgments assessed legal fees against both Appellant Ogontz and Appellant Rowan. **See** Appellants' Brief, at 5, ¶¶ B, C, F. Further, Appellants appear to present claims that the trial court erred in failing to grant the petitions to open because the legal fees were excessive and/or unconscionable. **See id**. However, these arguments were not raised in Appellants' petitions to strike/open.[3] Rather, Appellants raised these issues for the first time on appeal. Pennsylvania Rule of Civil Procedure 2959(a) states that "all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition." Further, Pa.R.C.P. 2959(c) states that "[a] party waives all defenses and objections which are not included in the petition or answer." Therefore, because Appellants failed to raise these issues in their petitions, they are waived for purposes of appellate review.

Additionally, we find that Appellants have waived a number of other issues for our review. Through Appellants' questions presented on appeal, they (1) challenge the trial court's quick disposition of Appellants' petitions; (2) claim that the trial court's decision violated the due process requirements of the United States and Pennsylvania Constitutions and usury

_____

[3] We recognize that Appellants' argued through their petition to strike that the legal fees contained in the confession of judgment were excessive and unconscionable. However, our review of the record reveals that Appellants did not include the challenge to the legal fees in the petitions to open. Thus, this challenge is waived.

law; (3) claim that the trial court erred in failing to strike the judgment based on Appellee's interest calculation; and (4) allege that the trial court erred by failing to find that the Appellee's actions against a non-profit are unconscionable. ***See*** Appellants' Brief, at 5, ¶¶ A, D, F. However, Appellants fail to provide *any* legal analysis with respect to these issues in their brief.

Rule 2119 of our Rules of Appellate Procedure require citation to pertinent legal authority in support of a party's legal argument. ***See*** Pa.R.A.P. 2119(a). "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." ***Commonwealth v. Beshore***, 916 A.2d 1128, 1140 (Pa. Super. 2007) (internal citation and quotation marks omitted).

Due to the Appellants' failure to comply with the requirements of Pa.R.A.P. 2119(a), we are unable to provide meaningful review of these issues. Thus, we find these issues waived. ***See***, ***e.g.***, ***Beshore***; ***In re Jacobs***, 936 A.2d 1156, 1167 (Pa. Super. 2007).

Moving to the issues Appellants' preserved for appeal, we begin with Appellants' contention relative to the trial court's denial of the petitions to strike.[4] ***See*** Appellants' Brief, at 5, ¶ C. We review an order denying a

---

[4] We note that many of Appellants issues on appeal are muddled and do not specifically address the question presented on appeal that it purports to address. Thus, we were required to attempt to discern the issues Appellants *actually* presented in each section of their brief. As such, we have only cited to the question presented on appeal that actually discusses the issues we are addressing.

petition to strike for manifest abuse of discretion or error of law. **See Atlantic National Trust, LLC v. Stivala Investments, Inc.**, 922 A.2d 919, 922 (Pa. Super. 2007).

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. [It] may be granted only for a fatal defect or irregularity appearing on the face of the record." **Knickerbocker Russell Co., Inc. v. Crawford**, 936 A.2d 1145, 1146-1147 (Pa. Super. 2007) (citations omitted). In assessing whether "there are fatal defects on the face of the record . . ., a court may only look at what was in the record when the judgment was entered." **Cintas Corp. v. Lee's Cleaning Servs., Inc.**, 700 A.2d 915, 917 (Pa. 1997) (quoting **Resolution Trust, Corp., v. Copley Qu-Wayne Assocs**., 683 A.2d 269, 273 (Pa. 1996)). Therefore, the original record that is subject to review in a petition to strike a confessed judgment consists only of the complaint in confession of judgment and the attached exhibits. **See id**.

Appellants argue that the trial court erred and/or abused its discretion by failing to grant the petitions to strike the confessed judgment as the legal fees charged by Appellee were excessive. **See** Appellants' Brief, at 5, ¶ C. While Appellants admit that the 5% attorneys' commission was specifically provided for in the warrant of attorney clauses in both the mortgage loan note and the guaranty of payment, they contend that this amount is grossly excessive because the drafting of the complaint in confession of judgment was not difficult. **See id**., at 15. In support of this argument, Appellants cite

to ***Dollar Bank, Federal Sav. Bank v. Northwood Cheese Co.***, Inc., 637 A.2d 309 (Pa. Super. 1994), for the contention that grossly excessive attorney's fees justify the striking of a confessed judgment.

However, Appellants' reliance on ***Dollar Bank*** for this contention is misplaced. In ***Dollar Bank***, we held that where a warrant of attorney specifically authorizes attorneys' fees in a certain amount in the event of a default, the allegation of excessiveness, without more, is meritless. ***See*** 637 A.2d at 314. Additionally, we have continuously found warrant of attorney clauses providing for attorneys' commission in excess of 5% to be reasonable and enforceable. ***See Rait Partnership, L.P. v. E Pointe Properties I, Ltd***. 957 A.2d 1275, 1279 (Pa. Super. 2008) (upholding 15% attorneys' commission as "specifically authorized by the warrant of attorney"); ***Dollar Bank***, 637 A.2d at 314 (finding warrant of attorney requiring 15% attorneys' commission as reasonable). Appellants do not argue that they did not knowingly agree to the warrant of attorney clauses. Thus, because the warrant of attorney clauses in question specifically provide for a 5% commission, which is a reasonable percentage under a warrant of attorney clause, Appellants' claim is meritless.

Moving to the next set of issues, Appellants' argue that the trial court erred and/or abused its discretion by denying the petitions to open the confessed judgments. ***See*** Appellants' Brief, at 5, ¶¶ B, E. We review an order refusing to open a confessed judgment for an abuse of discretion. ***See PNC Bank, Nat. Ass'n v. Bluestream Technology, Inc***., 14 A.3d 831,

835 (Pa. Super. 2010). In situations where a party files both a petition to open and a petition to strike, "[i]f the truth of the factual averments contained in [the complaint in confession of judgment and attached exhibits] are disputed, then the remedy is by proceeding to open the judgment, not strike it." ***Neducsin v. Caplan***, 121 A.3d 498, 504-505 (Pa. Super. 2015) (citation omitted).

In order to succeed on a petition to open a judgment, a petition must "(1) act[] promptly, (2) allege[] a meritorious defense, and (3) produce sufficient evidence to require submission of the case to a jury." ***PNC Bank***, 14 A.3d at 835 (internal citation and quotations omitted).

> [A] court should open a confessed judgment if the petitioner promptly presents evidence on a petition to open which in a jury trial would require that the issues be submitted to the jury. A petitioner must offer clear, direct, precise and believable evidence of a meritorious defense, sufficient to raise a jury question. In determining whether sufficient evidence has been presented, we employ the same standard as in a directed verdict: we view all the evidence in the light most favorable to the petitioner and accept as true all evidence and proper inferences supporting the defense while we reject adverse allegations of the party obtaining judgment.

***Stahl Oil Co. v. Helsel***, 860 A.2d 508, 512 (Pa. Super. 2004) (internal citation omitted). Further,

> The petitioner need not produce evidence proving that if the judgment is opened, the petitioner will prevail. Moreover, we must accept as true the petitioner's evidence and all reasonable and proper inferences flowing therefrom.
>
> In other words, a judgment of confession will be opened if a petitioner seeking relief therefrom produced evidence which in a jury trial would require issues to be submitted to a jury. The

- 10 -

standard of sufficiency here is similar to the standard for a directed verdict, in that we must view the facts most favorably to the moving party, we must accept as true all the evidence and proper inferences in support of the defense raised, and we must reject all adverse allegations.

***Neducsin***, 121 A.3d at 506-507 (internal quotations and citations omitted).

Appellants contend that the trial court erred by failing to grant the petitions to open the judgment because Appellants alleged a meritorious defense concerning the interest calculation in the judgment. ***See*** Appellants' Brief, at 5, ¶¶ B, E. Specifically, Appellants contend that the calculation of interest is high and excessive, and cannot be upheld without proof of its calculation. In support of their contention, they point to the fourth loan amendment document, which indicates that, as of April 1, 2015, the unpaid interest only amounted to $15,643.55. Appellants allege that it is highly unlikely that the interest could have accumulated so quickly by the time Appellee filed its complaints in confession of judgment.

Our review of the record confirms that Appellants offered very little evidence in support of its defense, and that the defense is not meritorious. While Appellants offer evidence that the unpaid interest on the mortgage loan as of April 1, 2015 was $15,643.55, Appellants fail to offer any evidence to show that the interest is excessive or what they believe the correct interest calculation should be in the confessed judgment. However, Appellee attached a history of the loan, including interest calculations, to its answer to Appellants' petitions. ***See*** Appellee's Answer to Appellants' Petitions to Open and/or Strike Petition, Exhibit B. This loan history *clearly*

shows that more than $79,000 in accrued interest was due under the mortgage loan note agreement by August 1, 2015. Further, the mortgage loan note indicated that, upon the event of a default, the principal payments and corresponding interest payments would be accelerated. Utilizing the method indicated for calculating interest under the mortgage loan after default, the interest requested in the confession of judgment aligns with the interest due under the note as of September 4, 2015.

Therefore, even viewing the evidence in the light most favorable to Appellants and accepting as true all evidence and proper inferences drawn therefrom, we cannot find that Appellant provided "clear, direct, precise, and believable evidence[,]" in support of a meritorious defense. *See Stahl Oil Co*., 860 A.2d at 512. Thus, the trial court did not abuse its discretion in denying Appellants' petitions to open the confessed judgment.

Orders affirmed. Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2017

- 12 -