J-A06026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FLEETWAY CAPITAL CORPORATION, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SH&T EXPRESS, LLC, SHUKRI TEMIROV, GUARANTOR, KHALIDA TEMIROV, GUARANTOR, SHUHRAT TEMIROV, GUARANTOR, TRANSPORT CARRIER HOUSE, LLC, GUARANTOR, SEVILA TRUCKING, INC., GUARANTOR AND TEMUR TRUCKING, INC., GUARANTOR, | |
| Appellants | No. 1853 EDA 2016 |

Appeal from the Order Entered May 10, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 04827 Feb. Term, 2016

BEFORE: PANELLA, SHOGAN, and RANSOM, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED MAY 15, 2017**

Appellants, SH&T Express, LLC ("SH&T"), Shukri Temirov, Khalida Temirov, Shuhrat Temirov, Transport Carrier House, LLC, Sevila Trucking, Inc., and Temur Trucking, Inc., appeal from the May 10, 2016 order denying their petition to open a confessed judgment arising from a commercial property lease with Appellee, Fleetway Capital Corporation ("Fleetway"). After careful review, we affirm.

The underlying facts and procedural history are as follows: On February 24, 2012, SH&T and Fleetway entered into a Master Lease Agreement ("Master Lease") that provided for future monthly payments to

be made by Appellants pursuant to future Equipment Schedules that would become part of the Master Lease.  Complaint, 3/3/16, at ¶¶ 10, 13–18.  The complaint in confession of judgment asserts that Appellants Shukri Temirov, Khalida Temirov, and Shuhrat Temirov each executed personal guaranties of SH&T's obligations under the Master Lease; the other business-entity defendants executed either a limited liability company guaranty or a corporate guaranty.  *Id*. at ¶¶ 11–12.  The Master Lease contained a Warrant of Attorney with a confession-of-judgment clause, initialed by SH&T, in the event that Appellants breached any of the leases.  *Id*. at Exhibit 1 (Master Lease), ¶ 6.  The individual and corporate guarantees also contained Warrant of Attorney clauses that were initialed by Appellants.  *Id*. at Exhibits 1–9.  Fleetway leased three trucks and three trailers to Appellants between February of 2012 and July of 2015.  *Id*. at ¶¶ 16–18.  SH&T informed Fleetway that it could no longer maintain monthly lease payments for the three trailers and three trucks, and it ultimately returned the trucks and trailers. *Id*. at ¶ 17, 23.

On March 3, 2016, Fleetway filed a confession of judgment against Appellants.  On April 11, 2016, Appellants petitioned the trial court to open the confessed judgment claiming, *inter alia*, defenses of Fleetway's bad faith/unclean hands and failure to mitigate damages.  Petition to Open Judgment by Confession, 4/11/16.  By order dated May 9, 2016, and docketed May 10, 2016, the trial court denied the petition to open.

J-A06026-17

Appellant filed a timely notice of appeal to this Court on June 9, 2016.[1] The trial court did not order the filing of a Pa.R.A.P. 1925(b) statement, and none was filed. The trial court utilized its memorandum opinion in support of its order denying the petition to open filed May 10, 2016 as its Rule 1925(a) opinion.

Appellants raise the following issues on appeal to this Court:

1. Did the lower court err by denying Appellants' petition to open the confessed judgment on the basis that no evidence existed to support the petition where the court decided the petition on the initial pleadings only and did not allow for an actual evidentiary record to be developed th[r]ough discovery?

2. Did the lower court err by denying Appellants' [sic] petition to open the confessed judgment where Appellants could have presented a meritorious defense in the form of Appellee's duty to mitigate its damages?

Appellants' Brief at 4. We address these issues in tandem.

We review the trial court's order for an abuse of discretion. **Neducsin v. Caplan**, 121 A.3d 498, 506 (Pa. Super. 2015), *appeal denied*, 131 A.3d 492 (Pa. 2016). "[T]he court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason." **Id**.

---

[1] The appeal period ran from the order's filing date of May 10, 2016. Moreover, denial of a petition to open a default judgment is an appealable order. **See Keller v. Mey**, 67 A.3d 1, 3 (Pa. Super. 2013) ("Although orders of court denying motions to strike or petitions to open default judgments are interlocutory, Pennsylvania Rule of Appellate Procedure 311 provides that '[a]n appeal may be taken as of right . . . from:. . . [a]n order refusing to open, vacate or strike off a judgment.'").

- 3 -

"Historically, Pennsylvania law has recognized and permitted entry of confessed judgments pursuant to the authority of a warrant of attorney contained in a written agreement." **Neducsin**, 121 A.3d at 505. In adjudicating a petition to open a confessed judgment, the trial court is charged with "determining whether the petitioner presented sufficient evidence of a meritorious defense to require submission of that issue to a jury." **Ferrick v. Bianchini**, 69 A.3d 642, 647 (Pa. Super. 2013) (citing **Homart Development Co. v. Sgrenci**, 662 A.2d 1092 (1995)). "When determining a petition to open a judgment, matters dehors the record filed by the party in whose favor the warrant is given, *i.e.*, testimony, depositions, admissions, and other evidence, may be considered by the court." **Graystone Bank v. Grove Estates, LP**, 58 A.3d 1277, 1282 (Pa. Super. 2012).

A petition to open a confessed judgment is governed by Pa.R.C.P. 2959 and is an appeal to the trial court's equitable powers:

> It is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of that discretion. Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense....

**Century Surety Co. v. Essington Auto Center, LLC**, 140 A.3d 46, 53 (Pa. Super. 2016). There is no challenge herein to the first two provisions of the test; rather, Appellants focus on the trial court's determination that they did

not present a meritorious defense. A meritorious defense is one upon which relief could be afforded if proven at trial. *Ferrick*, 69 A.3d at 647. Moreover:

> Pa.R.[C.]P. 2959(e) sets forth the standard by which a court determines whether a moving party has properly averred a meritorious defense. **If evidence is produced** which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment. Furthermore, the court must view the evidence presented in the light most favorable to the moving party, while rejecting contrary evidence of the non-moving party. The petitioner need not produce evidence proving that if the judgment is opened, the petitioner will prevail. Moreover, we must accept as true the petitioner's evidence and all reasonable and proper inferences flowing therefrom.

> In other words, a judgment of confession will be opened if a petitioner seeking relief therefrom produces evidence which in a jury trial would require issues to be submitted to a jury. The standard of sufficiency here is similar to the standard for a directed verdict, in that we must view the facts most favorably to the moving party, we must accept as true all the evidence and proper inferences in support of the defense raised, and we must reject all adverse allegations.

*Neducsin*, 121 A.3d at 506–507 (internal citations and quotation marks omitted) (emphasis added).

Referencing Pa.R.C.P. 2959(e), Appellants complain the trial court faulted them for not producing evidence of their defenses, and it disposed of Appellants' petition to open based solely on the initial pleadings without "affording" Appellants the opportunity to develop any evidence. Appellants' Brief at 9. Pa.R.C.P. 2959(e) provides as follows:

> Rule 2959. Striking Off or Opening Judgment; Pleadings; Procedure

* * *

> (e)  The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence.  The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment.  **If evidence is produced** which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

Pa.R.C.P. 2959(e) (emphasis added).  Appellants suggest their averment in the petition to open that they **could** present proof of their defenses, Petition to Open, 4/11/16, at ¶¶ 12, 21, "should have triggered the lower court's action in allowing for discovery."  Appellants' Brief at 9.  Thus, in conclusory fashion, Appellants assert that this case should be reversed and remanded for discovery.  *Id*. at 10.

Initially, we respond to Fleetway's waiver argument.  Fleetway asserts that the petition to open was properly denied because it was verified through Appellants' attorney of record, not by one of the parties.  Fleetway's Brief at 13–14.  We agree with Appellants that because Fleetway did not file preliminary objections below, it has waived any argument concerning Appellants' counsel's verification.  Appellants' Reply Brief at 1–2.  *See Roberts v. Estate of Pursley*, 700 A.2d 475, 479 (Pa. Super. 1997) (objection to form of pleading waived by failure to raise preliminary objections in response to the Amended Complaint); *see also* Pa.R.C.P. 1028(a)(2) (failure of pleading to conform to law or rule of court is to be raised by preliminary objection); Pa.R.C.P. 1032 (failure to raise such an

objection by preliminary objection results in waiver). Thus, Fleetway has waived any objection to counsel's verification.

Regarding the merits, Fleetway maintains that Appellants' reliance on Pa.R.C.P. 2959(e) is misplaced, contending that the trial court was not required to provide Appellants' discovery "to enable them to prove their alleged meritorious defense to the judgment confessed against them." Fleetway's Brief at 12–13. Fleetway asserts that subsection (e) is triggered only upon the satisfaction of subsection (b), which provides, in pertinent part: "**If** the petition states *prima facie* grounds for relief the court shall issue a rule to show cause . . . ." Pa.R.C.P. 2959 (b) (emphasis added). Fleetway maintains that the trial court never issued a rule to show cause because it determined that Appellants failed to state *prima facie* grounds for relief. Fleetway's Brief at 13. We agree.

Appellants cite multiple cases in their brief, **see, e.g., Ecumenical Enterprises, Inc. v. NADCO Construction Co.**, 385 A.2d 392 (Pa. Super. 1974), for the proposition that the trial court must consider not only the petition to open, but it must also credit depositions and other evidence. Appellants' Brief at 8. There is no controversy that this provision is true and accurate. Appellants do not assert that the trial court failed to consider evidence they produced in support of their pleading, nor do they contend the court improperly denied Appellants' request for discovery. Indeed, as Fleetway points out, Appellants never raised the issue of discovery to the

trial court. Rather, Appellants maintain that this case must be reversed and remanded, relying upon *Liazis v. Kostka, Inc.*, 618 A.2d 450 (Pa. Super. 1992), because the trial court did not order discovery. In *Liazis*, because we determined that the trial court abused its discretion in concluding that the petition to open therein did not allege *prima facie* grounds for relief, we reversed and remanded to the trial court. *Id*. at 452. Herein, we likewise must evaluate whether the trial court abused its discretion; therefore, we consider Appellants' second issue, whether they raised a meritorious defense.

Appellants maintain that the trial court erred in concluding that Appellants failed to plead a meritorious defense. Appellants' Brief at 10. They contend that their petition to open "was rife with factual allegations that demonstrated that Fleetway made no attempt to mitigate its damages." *Id*. Specifically, Appellants aver that because "Fleetway knew all along that [Appellants] would likely breach the lease agreements," Appellants presented "a valid defense in the form of Fleetway's failure to mitigate its damages." *Id*. at 11–12.

In this regard, Appellants first aver that they requested a letter of confirmation from Fleetway to solidify business relationships, and that letter would have allowed Appellants to generate income to pay the lease payments. Appellants' Brief at 11. Second, when Appellants apprised Fleetway that they had lost business as a result of Fleetway's failure to

provide the requested reference letter, Appellants "proactively provided two potential lessees who were willing to step into [Appellants'] shoes and take over the lease payments." *Id*. Instead, Appellants contend that Fleetway demanded that Appellants return the trucks and trailers. *Id*. Third, after having received its property, Fleetway allegedly told Appellants it would sell the trucks and trailers at a private sale to off-set the future rental payments, but instead, Fleetway confessed judgment against Appellants. *Id*. Appellants submit that these factors support that Appellants averred a valid defense "in the form of Fleetway's failure to mitigate its damages." *Id*. at 12. Moreover, Appellants maintain that because the trucks and trailers were returned to Fleetway, the trial court's refusal to open the confessed judgment "effectively allows for Fleetway to obtain a double recovery." *Id*.

Fleetway responds that Appellants' factual allegations do not establish a basis upon which to open the confessed judgment. Instead, it maintains that Appellants' unverified factual allegations set forth only counterclaims or claims for set-off, neither of which can properly serve as the basis for opening a judgment by confession. Fleetway's Brief at 17–18. Further, Fleetway submits that even if it were required to consider the two individuals allegedly willing to assume the leases, Appellants were required to remain compliant with the Master Lease. *Id.* at 18.

Fleetway refers to **Newton v. First Union Nat. Bank**, 316 F.Supp.2d 225 (E.D.Pa. 2004),[2] to explain the difference between a defense and a counterclaim, and it cites the case for support of its position that Appellants failed to establish a meritorious defense. **Newton** stated:

> Distinguishing between "counterclaims" and "defenses," the Third Circuit [Court of Appeals] has held that while "a counterclaim may entitle the defendant in the original action to some amount of affirmative relief, a defense merely precludes or diminishes the plaintiff's recovery" and "although the facts underlying some defenses might also support a counterclaim, not all counterclaims are valid defenses." [**Riverside Mem'l Mausoleum, Inc. v. Umet Trust**,] 581 F.2d [62, 68 (3d Cir. 1978)]. Further elucidating the distinction, the Pennsylvania Supreme Court has held that, in the context of petitions to open confessed judgments, "a set-off is a 'counter-claim demand which defendant holds against plaintiff, arising out of a transaction extrinsic of plaintiff's cause of action.'" **M.N.C. Corp. v. Mount Lebanon Medical Center, Inc.**, 510 Pa. 490, 509 A.2d 1256, 1259 (1986) (quoting BLACK'S LAW DICTIONARY 1230 (rev. 5th ed. 1979) (emphasis added)).

**Id**. at 239. Fleetway thus counters that the allegations of Appellants' petition to open "are counterclaims and/or claims for set-off which cannot serve as grounds for opening a confessed judgment under Pennsylvania case law." Fleetway's Brief at 18; **see also J.M. Korn & Son, Inc. v. Fleet-Air Corporation**, 446 A.2d 945, 947 (Pa. Super. 1982) ("In the absence of

---

[2] While federal court decisions do not control the determinations of this Court absent a United States Supreme Court pronouncement, whenever possible "Pennsylvania state courts follow the Third Circuit [Court of Appeals] so that litigants do not improperly 'walk across the street' to achieve a different result in federal court than would be obtained in state court." **McDonald v. Whitewater Challengers, Inc.**, 116 A.3d 99, 106 n.13 (Pa. Super. 2015), *appeal denied*, 130 A.3d 1291 (Pa. 2015).

fraud, an unliquidated counterclaim or set-off is not grounds for opening a judgment confessed under a warrant of attorney.")

The allegations in the petition are that 1) the guarantor Appellants, for whom "English is not [their] first . . . language, did not understand the Warrant of Attorney language;" 2) those Appellants indicated they would "take over" the leases; and 3) Fleetway had informed Appellants it would sell the trucks and trailers, and it did not do so. Petition to Open Judgment by Confession, 4/11/16, at ¶¶ 6–10, 16–18, 24–26.

In denying the petition to open and concluding that Appellants failed to raise any meritorious defense, the trial court addressed Appellants' assertion that they did not knowingly and intelligently waive their due process rights. Appellants alleged in the petition that when they executed the pertinent documents, they relied on a Russian-speaking translator who failed to apprise them of the significance and implications of the warrant of attorney clause incorporated in the Master Lease. The trial court rejected this argument, asserting that in Pennsylvania "there is no merit to [Appellants'] assertion that their purported lack of knowledge and/or understanding of the warrant of attorney provisions . . . requires . . . the judgment [to] be . . . opened." Trial Court Opinion, 5/10/16, at 2. The trial court held that the failure to read a confession of judgment clause will not justify avoidance of it. *See Dollar Bank v. Northwood Cheese Co.*, 637 A.2d 309, 313 (Pa. Super. 1994) (rejecting assertion that lack of understanding of warrant of

- 11 -

attorney provisions requires judgment to be opened and concluding that failure to read a confession of judgment clause will not justify avoidance of it).

The trial court also rejected Appellants' claim regarding the two individuals purportedly ready to assume the leases. The trial court held that Appellants did not provide any evidence that Fleetway was contractually obligated to allow new parties to assume the obligations of Appellants or obligated to issue the certificate of ongoing business relationships which may have enabled Appellants to obtain new investors. Trial Court Opinion, 5/10/16, at 3.

Finally, the trial court rejected Appellants' assertions regarding the alleged sale of the trucks and trailers. It referenced Appellants' claim in the petition to open that Fleetway, in a letter dated February 29, 2016, stated that the trucks would be sold at a private sale. The court noted that Appellants failed to provide the letter. Trial Court Opinion, 5/10/16, at 3–4. Moreover, Appellants failed to offer any evidence that Fleetway had a duty to mitigate Appellants' default. *Id*. at 4.

We agree that Appellants failed to present a meritorious defense. Appellants have not shown that the trial court manifestly abused its discretion. **Dollar Bank**, 637 A.2d at 311. Furthermore, because the petition failed to state *prima facie* grounds for relief, the trial court was not required to issue a rule to show cause. Pa.R.C.P. 2959(b).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/15/2017